George BORREGO, Appellant,

v.

The STATE of Texas, Appellee.

No. 54336.

Court of Criminal Appeals of Texas.

April 27, 1977.

Arnold X. Medina, on appeal only, Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty., and J. Grant Jones, Asst. Dist. Atty., Corpus Christi, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

On April 22, 1976, appellant waived trial by jury and entered a plea of guilty before the court to the offense of unlawful possession of heroin. The court assessed punishment at imprisonment for five years.

The appeal is before us on a single ground of error. In it appellant contends that the trial court erred in accepting his guilty plea because appellant was admonished of the range of punishment for a first-degree felony instead of being admonished as to the range for a second-degree felony.

Possession of heroin is a felony of the second degree. Sections 4.02(b)(2)(J) and 4.04(b)(1), Controlled Substances Act (Article 4476–15, V.A.C.S.). The punishment for a second-degree felony is confinement in the Department of Corrections for a term of not more than twenty years nor less than two years. Section 4.01(b)(2), Controlled Substances Act. In addition to imprisonment, a fine not to exceed ten thousand dollars may be assessed. Section 4.01(b)(2), supra.

In the instant case, the court admonished appellant that he "could be sentenced to life or any term of years not more than ninety-nine years nor less than five years." This was the punishment applicable upon conviction for a first-degree felony. Section 4.01(b)(1), Controlled Substances Act.

Article 26.13(a)(1), V.A.C.C.P., provides that, prior to accepting a plea of guilty or plea of nolo contendere, the trial court shall admonish the defendant of the range of punishment attached to the offense.

Although the range of punishment assessed is within the range of punishment for both a first- and second-degree felony, the penalty of five years was the lowest available under a first-degree felony. The trial court may well have thought this was the lowest penalty he could assess. There-

fore, since the punishment was assessed by the court, we remand for the sole purpose of reassessment of punishment by the court.

It is so ordered.

Opinion approved by the Court.