**Jimmy Don ADAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0532–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 25, 1982.

Janet Seymour Morrow, Houston, for appellant.

Larry P. Urquhart, Houston, for appellee.

Before EVANS, C. J., and STILLEY and DOYLE, JJ.

DOYLE, Justice.

Appellant appeals two convictions for aggravated robbery. Each conviction was enhanced by a prior felony conviction. Appellant pled guilty to both offenses and pled true to each enhancement count. The court found appellant guilty and, after receiving a pre-sentence investigation report, assessed punishment at sixty years for each offense.

Appellant alleges two grounds of error. Appellant executed a stipulation of evidence to all the allegations in the indictment for first degree felony, second offender; waived his right to a trial by jury, and signed a judicial confession. There were no recommendations or plea bargaining by the State. Appellant does not challenge the sufficiency of the evidence.

Appellant in his first ground of error complains that the court erred in accepting his guilty pleas because he was not admonished as to the proper range of punishment as required by Art. 26.13, V.A.C.C.P.

Tex.Code Crim.Pro.Ann. art. 26.13 (Vernon Supp.1980–1981) provides in pertinent part:

(a) Prior to accepting a plea of guilty ..., the court shall admonish the defendant of:

(1) the range of the punishment attached to the offense;

.    .    .    .    .

(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

The record reflects that after appellant entered his guilty pleas, the trial court informed him that the range of punishment for a first degree felony was five to ninety-nine years or life pursuant to the provisions of Tex.Penal Code Ann. § 12.32(a) (Vernon Supp.1980–81). Nothing was mentioned of the fine of not more than $10,000 as set out in § 12.32(b). The appellant should have been admonished that the applicable range of punishment for a first degree felony, second offender, is fifteen to ninety-nine years or life. § 12.42(c), Tex.Penal Code. Although, improperly admonished as to the minimum penalty, appellant was properly admonished as to the maximum penalty. The question then before this court is whether this admonishment substantially complied with art. 26.13, *supra*.

Appellant contends that the court's misstatement of the minimum penalty renders the admonishment short of substantial compliance and cites *Taylor v. State*, 610 S.W.2d 471 (Tex.Cr.App.1980) as authority. Although initially the court held that the admonishment in the case which stated too high a maximum penalty did not substantially comply with the mandates of art. 26.13, *supra*, the court, on the State's motion for rehearing, reviewed the evidence and found substantial compliance with the admonishment.

In *Taylor* the appellant was admonished as to the range of punishment for a *second* degree felony, instead of the applicable range of punishment for a *third* degree felony. The court in reversing its initial decision and finding substantial compliance stated: "The State is correct that there is a large gray area between letter-perfect compliance and total failure to admonish on the range of punishment. Here, the trial court stated the correct minimum punishment, but announced an excessive maximum. The jury, however, was charged on the proper range of punishment, and the punishment assessed was within that range." *Id.* at page 478.

■ Neither at the time art. 26.13(c) was passed, nor since, has the legislature defined "substantial compliance" as that term is used in the context of the article. However, it is well established that where no admonishment as to the range of punishment is given as required by art. 26.13(a)(1), fundamental error is committed, without regard to whether a defendant is harmed. *Whitten v. State*, 587 S.W.2d 156 (Tex.Cr. App.1979). On the other hand, where an admonishment is given, although it is an erroneous one, substantial compliance will be deemed to have occurred, and the burden shifts to the accused to show that he entered his plea without understanding the consequences of such plea and thus was harmed. *Ex Parte McAtee*, 599 S.W.2d 335 (Tex.Cr.App.1980). This rationale was espoused and confirmed in *DeVary v. State*, 615 S.W.2d 739 (Tex.Cr.App.1981), where the evidence revealed a faulty admonishment, in that the trial court informed the appellant of the punishment for a second degree felony, when it should have been for a first degree felony. Despite a vigorous and well reasoned dissent by Judge Onion, the court majority held that a plea made under such erroneous admonishment nevertheless constituted a *prima facie* showing of a knowing and voluntary plea. Thus, substantial compliance was shown, and the burden was on the appellant to show that he was misled or harmed by the faulty admonishment. We hold that the admonishment before us constituted substantial compliance.

■ We now consider whether the appellant affirmatively showed that he was not aware of the consequences of his plea and that he was harmed by the admonishment of the court. His contention is that he was harmed by the court's admonishment in that he was unaware of the fifteen years mandatory minimum sentence and thus was not in a position to evaluate any plea bargain offers made by the State. This contention is without merit because the record shows that there was no plea bargaining by the State. The appellant signed a judicial confession before the court heard his guilty pleas.

■ Appellant in his last ground of error argues that the court erred in using a presentence investigation report to assess punishment. Appellant's counsel requested the court to order a presentence investigation report before assessing punishment. Appellant's counsel contends that since the request was made by counsel instead of appellant, without some admonishments as to the nature of the proceedings, this request cannot be considered as an informed choice of the appellant. The authorities which appellant cites do not support this contention. Appellant's counsel requested this report and appellant has failed to show how he was harmed by its use. *Mason v. State*, 604 S.W.2d 83 (Tex.Cr.App.1979).

Both of appellant's grounds of error are overruled.

The judgment of the trial court is affirmed.