Jack Wilmer EATMON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–81–0456–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 29, 1983.

Rehearing Denied Dec. 12, 1983.

Glen Van Slyke, Houston, for appellant.

Timothy G. Taft, Asst. Dist. Atty., Houston, for appellee.

Before LEVY, JACK SMITH and DUGGAN, JJ.

## OPINION

LEVY, Justice.

This is an appeal from a conviction for possession of a controlled substance, namely, methamphetamine. The trial court assessed appellant's punishment at ten years confinement. Appellant presents three grounds of error in this appeal, two of which raise serious constitutional questions.

Upon appellant's plea of no contest to the charge of intentionally and knowingly possessing a controlled substance, in violation of Article 4476–15, Section 4.04(a), (b), V.A.C.S., the trial court found that the best interests of society and the appellant would be served by deferring further proceedings without entering an adjudication of guilt. He placed the appellant on probation for 5 years under the provisions of Art. 42.12, Sec. 3d, V.A.C.C.P.

Approximately 14 months later, the State filed a motion to adjudicate guilt, alleging that appellant had violated the terms and conditions of his probation by committing, during the probationary period, an offense against the laws of the State of Texas, i.e., knowingly and intentionally possessing another controlled substance, namely, hydromorphone. A hearing was held on the motion to adjudicate guilt, and the trial court found that the allegations contained in the motion were true. Appellant's punishment was set at fifteen years and one day confinement.

On November 18, 1980, the trial court entered an order granting appellant a new trial as to the assessment of punishment only. The trial court conducted a hearing on punishment and resentenced appellant to ten years confinement.

In his first ground of error, appellant contends that the trial court erred in adjudicating his guilt after failing to properly admonish him of the range of punishment attached to the offense.

Tex.Code Crim.Pro.Ann. art. 26.13 (Vernon Supp.1980–1981) provides in pertinent part:

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

(1) the range of the punishment attached to the offense;

.    .    .    .    .

(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

The record reflects that after appellant entered his plea of no contest, the trial court informed him that the range of punishment for the offense of possession of methamphetamine was from two to ten years imprisonment, and up to a five thousand dollar fine. The appellant should have been admonished that the applicable range of punishment was two to twenty years imprisonment, and up to a ten thousand dollar fine. Tex.Penal Code Ann. § 12.33 (Vernon 1974).

We face the question whether this admonishment substantially complied with art. 26.13, *supra.* After the 1975 amendment to Article 26.13 had been enacted, the court in *Whitten v. State,* 587 S.W.2d 156, 158 (Tex.Cr.App.1979), held that when reviewing a challenged admonishment, "... the question of substantial compliance, not harmless error, is the primary focus of our analysis" because "... an affirmative showing of prejudice by appellant is unnecessary if there has been no substantial compliance with the statute." Although improperly admonished as to the possible maximum punishment, appellant's ultimate sentence of ten years imprisonment was assessed within the correct punishment range for the particular offense to which appellant entered a plea.

Where an admonishment is given, although erroneous in part, *substantial compliance* will be deemed to have occurred, and the burden shifts to the appellant to show that he entered his plea without understanding the consequences thereof, and was thereby harmed. *Ex parte McAtee,* 599 S.W.2d 335 (Tex.Cr.App.1980); *Adams v. State,* 630 S.W.2d 806 (Tex.App.—Houston [1st Dist.] 1982)

Relaxing the standard of "substantial compliance," the Court of Criminal Appeals held in *McAtee, supra,*

... where the record indicates that the defendant has received an admonishment with respect to punishment, although not a complete one, there is a *prima facie* showing of a knowing and voluntary plea of guilty. The burden then shifts to the defendant to show that he entered the plea without understanding the consequences of his action and thus was harmed.

In similar cases, *Taylor v. State,* 610 S.W.2d 471 (Tex.Cr.App.1980), and *DeVary v. State,* 615 S.W.2d 739 (Tex.Cr.App.1981), substantial compliance with Art. 26.13 had been shown. Based on such precedents, we find that appellant's admonishment in the case at bar was in substantial compliance with such article. As appellant ultimately received a punishment of ten years imprisonment, well within the applicable range, he has not shown that he was harmed or misled by the erroneous admonishment.

Appellant's first ground of error is overruled.

In his second and third grounds of error, appellant complains that the trial court abused its discretion in adjudicating his guilt and revoking probation by, first, considering an inadequate oral stipulation regarding the testimony of the chemist, and, second, because there was insufficient evidence that appellant knowingly possessed the controlled substance.

Subsection (b) of § 3d of art. 42.12, V.A.C.C.P. provides in pertinent part:

On violation of a condition of probation imposed under Subsection (a) of this section, ... [t]he defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination.

Obviously, the State legislature has thought it appropriate not to provide appellate re-

view of adjudications of guilt under § 3d(b). The Court of Criminal Appeals has interpreted § 3d(b) as imposing a strict procedural rule. "[T]he statute clearly provides that the trial court's decision to proceed with an adjudication of guilt, is one of absolute discretion and not reviewable..." *Williams v. State,* 592 S.W.2d 931, 932 (Tex. Cr.App.1979); *Wright v. State,* 592 S.W.2d 604 (Tex.Cr.App.1980); *Shields v. State,* 608 S.W.2d 924 (Tex.Cr.App.1980). Reliance on the discretion of a trial court entrusted with the application of appropriate standards for the determination of guilt is not, however, in itself an investiture of arbitrary power offensive to due process. An appellant can, of course, invoke the appellate process after an adjudication of guilt as if the adjudication of guilt had not been deferred. *Williams, supra.*

We note that the Due Process clause of the Federal Constitution unhappily does *not* require a State to accord a defendant a right to appellate review of a criminal conviction. "[A] State is not required by the Federal Constitution to provide appellate courts or a right to appellate review at all." *Griffin v. Illinois,* 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956); *United States v. MacCollom,* 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666, on remand, 538 Fed.2d 290 (9th Cir.1976).

When a State *does* provide a right of appeal in a criminal matter, however, it must comply with constitutional standards of due process and equal protection of the laws.

Because the above cited authorities have compelled the conclusion that an appeal cannot be perfected from the trial court's decision to adjudicate appellant's guilt under § 42.12, § 3d(b), as discussed above, it is unnecessary to discuss the issues of insufficient evidence and the propriety of admitting the oral stipulation of the chemist during appellant's revocation hearing.

Appellant's second and third grounds of error are overruled and the judgment of the trial court is affirmed.