**Ex parte Richard Allen DEMMITT, Sr.**

**No. 69234.**

Court of Criminal Appeals of Texas,
En Banc.

Feb. 29, 1984.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

MILLER, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to the provisions of Art. 11.07, V.A.C.C.P. We find that the applicant's meritorious habeas corpus issue is properly before this Court, *Basaldua v. State,* 558 S.W.2d 2, 5 (Tex.Cr. App.1977) and for reasons stated below we grant the relief requested.

The record reflects that on April 14, 1983, applicant was indicted for possession of more than 400 grams of amphetamine. On August 26, 1983, applicant was convicted in a trial before the court following his plea of guilty to a reduced charge of possession of more than 200 but less than 400 grams of amphetamine. Punishment was assessed at five years confinement. No appeal was taken.

In the instant application, applicant maintains that our decision in *Ex Parte Crisp,* 661 S.W.2d 944 (Tex.Cr.App., 1983) (State's Motion for Rehearing denied in an opinion delivered December 7, 1983; State's Second Motion for Rehearing denied January 18, 1984) renders his confinement unlawful. In *Crisp,* supra, we held that the caption of H.B. 730,[1] which purported to amend the Controlled Substances Act was defective in that it failed to apprise readers of the changes effectuated by the amendment. We noted that when an amendment

---

1. Tex.Rev.Civ.Stat.Ann., art. 4476–15, amended by Acts 1981, 67th Leg., ch. 268, eff. Sept. 1, 1981, hereinafter referred to as H.B. 730.

to an act is declared unconstitutional and invalid, the original act remains in full force and effect. We held that the Controlled Substances Act stands as though H.B. 730 had never been enacted.

Accordingly, given that the conviction of possession of amphetamine (regardless of the amount) was a Class A misdemeanor under the law as it existed before H.B. 730 was passed,[2] the district court never obtained original jurisdiction to do anything to applicant's case except transfer same to the appropriate county court.[3] In light of our holding in *Ex Parte Crisp*, supra, and Art. 4.05 and 4.07, V.A.C.C.P., the relief requested is granted. We reverse applicant's conviction and remand for proceedings not inconsistent with this opinion.

---

**2.** Tex.Rev.Civ.Stat.Ann., art. 4476–15, § 4.02(d) (Vernon 1979) provided:

"Penalty Group 3. Penalty Group 3 shall include the following controlled substances:

(1) Any material, compound, mixture, or preparation which contains any quantity of the following substances having a potential for abuse associated with a stimulant effect on the central nervous system:

(A) Amphetamine, its salts, optical isomers, and salts of its optical isomers; ..."

Art. 4476–15, § 4.04 (Vernon 1979) provided:

"(a) Except as authorized by this Act, a person commits an offense if he knowingly or intentionally possesses a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice.

(b) An offense under Subsection (a) of this section with respect to: ...

(3) a controlled substance in Penalty Group 3 is a Class A misdemeanor; ..."

**3.** Art. 4.05, V.A.C.C.P., provides:

"District courts and criminal district court shall have original jurisdiction in criminal cases of the grade of felony, of all misdemeanors involving official misconduct, and of misdemeanor cases transferable to the district court under Article 4.17. [Transfer of Driving While Intoxicated Cases] of this code."

Art. 4.07, V.A.C.C.P., provides:

"The county courts shall have original jurisdiction of all misdemeanors of which exclusive original jurisdiction is not given to the justice court, and when the fine to be imposed shall exceed two hundred dollars."