Glenwood Guy **JOHNSTON,**
**Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**Raymond Gerard EBERT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 3–83–051–CR, 3–83–053–CR.**

Court of Appeals of Texas,
Austin.

April 25, 1984.

**396**

Stuart Kinard, Jones & Smith, Austin, for appellants.

Ronald Earle, Dist. Atty., Rosemary Lehmberg, Asst. Dist. Atty., for appellee:

Before SHANNON, SMITH and GAMMAGE, JJ.

PER CURIAM.

The trial court found appellants guilty of possession of 200 pounds or less but more than 50 pounds of marihuana, and assessed each appellant's punishment at imprisonment for five years.[1] Because appellants were erroneously admonished before their pleas of guilty were accepted, we reverse the judgments of conviction.

On May 6, 1982, a court order was issued authorizing Robert Nestoroff, a Department of Public Safety narcotics officer, to enter a specified airplane located at the Austin municipal airport for the purpose of installing an electronic tracking device. In his affidavit in support of the application for this order, Nestoroff recited a number of facts gleaned during his investigation of the airplane which he characterized as establishing probable cause to believe the airplane was being used to smuggle controlled substances into the United States. This affidavit named appellants Ebert and Johnston as the pilot and co-pilot, respectively, of this aircraft.

Later that evening, Nestoroff and an electronics technician went to the airport to install a transponder and "beeper" in the aircraft. After entering the plane, they encountered electrical problems which made it impossible to install the transponder. As a result, they exited the airplane and installed the "beeper" on its tail.

On May 22, 1982, this aircraft was tracked with the aide of the "beeper" as it flew from Austin, to Mexico, to a rural air strip west of Austin. Appellants were arrested as they left the plane after landing. A search of the airplane resulted in the discovery and seizure of over 1100 pounds of marihuana.

In their first ground of error, appellants contend that the "entry into the constitutionally protected interior of the suspect plane pursuant to a beeper installation plan was unconstitutional for want of probable cause." Appellants do *not* challenge the installation of the "beeper" on the exterior tail portion of the airplane, and they do *not* challenge the use of the "beeper" to monitor the flight of the airplane on May 22.

We need not decide whether the entry into the aircraft on May 6 was supported by probable cause because the record reflects that no evidence was obtained as a result of this entry. Due to technical difficulties, no electronic tracking device was installed inside the airplane. The "beeper" used to track the movements of the aircraft was installed on the exterior of the plane, and as to it the entry was irrelevant. If the entry into the airplane were a poisonous tree, it bore no fruit. The first ground of error is overruled.

In their second ground of error, appellants contend that House Bill 730, *supra* note 1, was unconstitutional. Appellants contend that as a result of this unconstitutionality, they were not properly admonished as to the range of punishment at-

1. *See* § 4.051(c) and (d)(1) of the Controlled Substances Act, as amended by House Bill 730 effective September 1, 1981, hereafter referred to as "the 1981 act." 1981 Tex.Gen.Laws, ch. 268.

tached to the offense and their pleas of guilty were not knowingly and voluntarily entered. We agree.

 House Bill 730 was not properly captioned and was therefore unconstitutional and void. *Crisp v. State*, 643 S.W.2d 487 (Tex.App.1982), aff'd, *Ex parte Crisp*, 661 S.W.2d 944 (Tex.Cr.App.1983). Thus, the law governing appellants' offense was that found in § 4.05 of the Controlled Substances Act as it read before the enactment of House Bill 730. *See* Tex.Rev.Civ.Stat. Ann. art. 4476–15 § 4.05 (1976); *Crisp v. State, supra; Ex parte Demmitt*, 664 S.W.2d 725 (Tex.Cr.App.1984). Under § 4.05 of the act as originally adopted, possession of more than four ounces of marihuana was punishable as a third-degree felony.

Appellants were indicted for possession of 2,000 pounds or less but more than 200 pounds of marihuana. *See* § 4.051(c) and (d)(2) of the 1981 act. Pursuant a plea bargain agreement, appellants entered pleas of guilty to the lesser offense for which they were convicted. The punishment assessed by the trial court was recommended by the State pursuant to the plea bargain agreement.

 Before accepting appellants' pleas of guilty, the trial court admonished them as required by Tex.Code Cr.P.Ann. art. 26.-13(a) (Supp.1984). As part of this admonishment, *see* art. 26.13(a)(1), appellants were advised that the offense to which they were pleading guilty was punishable by imprisonment for life or for a term not more than ninety-nine years or less than five years, and a fine not to exceed $50,000. This was the range of punishment prescribed by § 4.051(d)(1) of the 1981 act. With the benefit of hindsight, which was denied the trial court, we now know this admonishment as to the range of punishment was erroneous. In fact, appellants were on trial for an unaggravated third-degree felony, punishable by imprisonment for not more than ten years or less than two years, and a fine not to exceed $5,000.00. Art. 4476–15 § 4.05, *supra;* Tex.Pen.Code Ann. § 12.34 (1974).

 Subsection (c) of art. 26.13, *supra,* provides:

> In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

Under this provision, the primary focus of analysis is on substantial compliance, and not harmless error, because an affirmative showing of prejudice by the defendant is unnecessary if there has been no substantial compliance with art. 26.13(a). *Whitten v. State*, 587 S.W.2d 156, 157 (Tex.Cr.App. 1979) (opinion on State's motion for rehearing).

 It is clear that if the trial court fails to admonish the defendant as to any range of punishment, there is no substantial compliance with art. 26.13(a)(1). *Id.* But if the defendant is admonished as to an erroneous range of punishment, the admonishment may be found to be in substantial compliance. *Taylor v. State*, 610 S.W.2d 471, 477 (Tex.Cr.App.1981) (opinion on State's motion for rehearing); *Borrego v. State*, 558 S.W.2d 1 (Tex.Cr.App.1977). In fact, another court of appeals has held that *any* admonishment as to a range of punishment, however erroneous, constitutes substantial compliance with art. 26.13(a)(1). *Adams v. State*, 630 S.W.2d 806 (Tex.App. 1982, no pet.); *Eatmon v. State*, 662 S.W.2d 31 (Tex.App.1983, pet. granted). *See also Taylor v. State, supra; DeVary v. State*, 615 S.W.2d 739 (Tex.Cr.App.1981). *Compare Hodges v. State*, 604 S.W.2d 152 (Tex.Cr.App.1980). A better test for substantial compliance, we believe, is suggested in *Whitten v. State, supra:* if the error in the admonishment is material to the voluntariness of the guilty plea, the admonishment does not substantially comply with art. 26.13(a).

Both tests for substantial compliance explain the result reached in *Borrego v. State, supra.* In *Borrego*, the defendant was charged with possession of heroin,

which was then (1976) a second-degree felony. At the time he entered his plea of guilty, he was erroneously admonished as to the punishment range attached to a first-degree felony. On appeal, he contended the trial court erred in accepting his plea of guilty because of the erroneous admonishment as to the range of punishment. The court disposed of this ground of error without referring to art. 26.13(c):

> Although the range of punishment assessed [2] is within the range of punishment for both a first- and second-degree felony, the penalty of five years was the lowest available under a first-degree felony. The trial court may well have thought this was the lowest penalty he could assess. Therefore, since the punishment was assessed by the court, we remand for the sole purpose of reassessment of punishment by the court.

In affirming the conviction and remanding for reassessment of punishment only, the court in *Borrego* implicitly found the admonishment given to be in substantial compliance with art. 26.13(a)(1). Had the court found otherwise, it would have been required to reverse the conviction. *Whitten v. State, supra.*

In *Borrego*, there is no mention of a plea bargain agreement. Under the *Whitten* test for substantial compliance, this explains the result reached by the court. If the defendant were willing to enter an "open" plea of guilty to what he had been told was a first-degree felony, he certainly would have been willing to do so if he had been properly admonished that the offense was a felony of the second degree. Thus, the error in the admonishment as to the range of punishment was not material to the voluntariness of the guilty plea.

Under the test announced in *Adams* and *Eatmon*, there was substantial compliance with art. 26.13(a)(1) in *Borrego* merely because an admonishment as to a punishment range was given. Because the defendant

did not affirmatively show that he was not aware of the consequences of his plea and that he was misled or harmed with respect to his plea by the erroneous admonishment, reversal of the conviction was not required.

The instant causes are analogous to *Borrego* insofar as the error in the admonishment is concerned. However appellants, unlike the defendant in *Borrego*, entered their pleas of guilty pursuant to a plea bargain agreement. At the time this agreement was negotiated, all of the parties to the negotiations believed appellants to be under indictment for an offense punishable by imprisonment for life or for a term not more than ninety-nine years or less than ten years, and a fine not to exceed $100,000. *See* § 4.051(d)(2) of the 1981 act.[3] In this context, the State's offer to proceed on the lesser included offense contained in § 4.051(d)(1) of the 1981 act and to recommend the minimum punishment of imprisonment for five years was unquestionably generous. The generosity of the State's offer, and the advisability of accepting the offer and pleading guilty pursuant thereto, was underscored by the erroneous admonishment concerning the punishment range.

■■■ Obviously, the error in the admonishment as to the range of punishment was material to the voluntariness of appellants' pleas of guilty. Thus, under *Whitten*, the admonishment did not substantially comply with art. 26.13(a)(1). Alternatively, if *Adams* and *Eatmon* are correct in holding that any admonishment, however erroneous, constitutes substantial compliance with the statute, appellants nevertheless could not have been fully aware of the consequences of their plea and were misled and harmed by the erroneous admonishment of the trial court. Under either theory, these convictions cannot stand.

The judgments of conviction are reversed and the causes remanded for a new trial.

2. The court apparently meant to say "the punishment assessed."

3. Although appellants anticipated our decision in *Crisp v. State, supra,* in their motions to quash the indictments, prudence dictated that they negotiate with the State on the assumption their constitutional challenge to House Bill 730 would ultimately fail.