James Terrell SMITH

v.

The STATE of Texas.

No. B14–83–785–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 20, 1984.

William Johnson, Houston, for appellant.

Calvin A. Hartmann, Asst. Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, James Terrell Smith, appeals from a judgment of conviction of the felony offense of aggravated robbery enhanced with two prior felony convictions. Appellant entered a plea of not guilty. The jury found appellant guilty and the judge, finding the two enhancement paragraphs of the indictment true, sentenced him to sixty years confinement in the Texas Department of Corrections.

Appellant brings three grounds of error on appeal. Ground of error one claims that appellant's punishment was improperly enhanced with a void prior conviction. Appellant's second ground of error asserts that appellant was improperly impeached with the void prior conviction. In ground of error three appellant alleges that the trial court erred in refusing to allow appellant to elicit testimony concerning the alien status of the complainant and two other

state's witnesses, thereby denying appellant's rights of confrontation and cross-examination.

We agree with ground of error one. We find grounds of error two and three have no merit. Therefore, we affirm and remand for resentencing.

Juan E. Guerrero, the complainant, and his two brothers, Jose and Jerrardo, testified that appellant drove alongside of the car that they were in. Appellant demanded money and fired a shot from a pistol into their car. Juan was driving the 1977 green Mercury Capri. Jose Guerrero, who was in the front passenger seat, was injured on his hand by flying glass caused by the bullet. Juan fled to a nearby house and had the police called. Appellant got out of his car and fired another shot. Appellant then grabbed Jose, put the gun to his head, and took his money. Jose ran away while appellant was asking Jerrardo for his money. Appellant then grabbed Jerrardo who was in the back seat of the car, took his watch, address book, and money, and then hit him on the ear with the gun. Appellant then attempted to drive away in the Guerrero car, a 1977 green Mercury Capri, leaving his red Pontiac at the scene. The police officer arrested appellant a half a block from the scene driving the Guerrero car. The police recovered from appellant's coat pocket Jerrerado Guerrero's watch, address book, and money. A pistol was discovered on the ground near the scene of the arrest. At the trial all three of the Guerrero brothers testified that appellant, James Terrell Smith, robbed them.

Appellant testified that he did not rob the brothers, that he had been involved in a minor traffic accident with their car, and that they offered to pay for the damages to his car. He denied having a gun at the scene. He also stated he had been drinking that day and did not remember being arrested in the Guerrero car. He also did not know how Jerrardo's watch and address book got into his coat pocket.

The police officers testified that they arrested appellant driving the Guerrero car and that there was no evidence of a traffic accident. They also stated that they recovered a .38 caliber pistol on the ground near appellant's arrest and recovered money, a watch, and an address book from his coat pocket.

The jury found appellant guilty. At appellant's election, the trial court assessed punishment. At the punishment hearing, appellant plead not true to the enhancement paragraphs of the indictment, and once again sought to quash the enhancement paragraph which alleged the void 1973 robbery by assault conviction. The court found that the two enhancement paragraphs were true and assessed appellant's punishment at sixty years.

■ In ground of error two, appellant asserts that the trial court erred in allowing appellant's impeachment with a void prior conviction. Specifically, appellant claims that the 1973 conviction for robbery by assault is void because it was based on a fatally defective indictment. Additionally, appellant asserts that the 1980 possession of a firearm by a felon conviction is void because appellant's classification as a felon arose from the void 1973 robbery by assault conviction. In *Johnson v. State*, 660 S.W.2d 536 (Tex.Crim.App.1983), the appellant contended that the trial court erred in overruling the appellant's objection to the introduction of an extraneous offense. The court found that the objection should have been sustained, but the court also found reversal was not necessary in light of the uncontradicted evidence of the appellant's guilt. In *Johnson*, the court held that the test for harmless error, even where the error is constitutional, is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction or affected the punishment assessed, citing *Clemons v. State*, 605 S.W.2d 567 (Tex.Crim.App.1980). As in *Johnson*, the trial court had before it overwhelming evidence of appellant's guilt. The average juror would not have found the State's case significantly less persuasive with the exclusion of the 1973 robbery by assault. *Schneble v. Florida*, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340

(1972). Appellant was also impeached by use of a forgery conviction, a perfectly valid conviction.

■ Appellant states that the admission of the void 1973 robbery by assault conviction may have influenced the jury's perception of the evidence and tainted their verdict. We find that appellant has not shown any evidence that the jurors were so influenced. The mental processes by which the jurors reach their verdict are not grounds for reversal. *Daniels v. State*, 600 S.W.2d 813 (Tex.Crim.App.1980); *Berry v. State*, 588 S.W.2d 932 (Tex.Crim.App.1979).

Appellant has failed to show that the admission of the void 1973 robbery by assault conviction was so prejudicial as to require reversal. We find that the trial court's error here was harmless.

■ Appellant claims he was improperly impeached by a void 1980 conviction for possession of a firearm by a felon because his felon status derived from the void 1973 robbery by assault conviction. We find no evidence in the record to show that the 1980 conviction for possession of a firearm by a felon was based on a void conviction to determine his status as a felon in that indictment.

■ Allegations which are not supported by the record, will not be accepted as fact in a criminal case. *Herrin v. State*, 525 S.W.2d 27 (Tex.Crim.App.1975); *Washington v. State*, 500 S.W.2d 485 (Tex.Crim.App.1973). The court properly allowed the state to impeach appellant by this prior felony conviction.

■ In ground of error three, appellant alleges that his rights of confrontation and cross examination were denied when the court refused to allow appellant to elicit testimony during cross-examination concerning the alien status of the complainant and two state's witnesses. We find that such testimony would be immaterial to the case at bar. The alien status of complainant and the two witnesses clearly has no relationship to the alleged crime. In addition, the scope of cross examination is subject to the broad discretion of the trial court. *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *Saunders v. State*, 572 S.W.2d 944 (Tex.Crim. App.1978); *Toler v. State*, 546 S.W.2d 290 (Tex.Crim.App.1977). We find that the trial judge did not abuse his discretion.

■ In ground of error one, appellant alleges that his punishment was improperly enhanced with a void prior conviction. He claims that the indictment in appellant's 1973 robbery by assault conviction is defective because the indictment failed to allege an ownership interest. Appellant filed a pre-trial motion to declare this conviction void and moved to quash the enhancement allegation based on this conviction. The trial judge denied the motion. Additionally, appellant unsuccessfully sought to quash the enhancement allegation during the punishment stage of the trial. We find the trial court erred. An indictment for robbery by assault which fails to allege ownership of the property taken is fatally defective. *Lucero v. State*, 502 S.W.2d 128 (Tex.Crim.App.1973). Since the indictment was fatally defective, the 1973 conviction is void. Therefore, it was improper for the trial court to consider the 1973 conviction for enhancement purposes.

A new hearing on punishment is required so that any taint from consideration of the invalid 1973 conviction is removed. Any relief short of a remand for a new hearing on punishment would allow us to improperly speculate on the degree of prejudice suffered when the trial court based its punishment determination in part on a void prior conviction. *Ex parte Hunter*, 616 S.W.2d 626 (Tex.Crim.App.1981); *Borrego v. State*, 558 S.W.2d 1 (Tex.Crim.App.1977).

We must remand this case with instructions that the trial court conduct a new punishment hearing and resentence appellant.