**Tony MYERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–88–036–CR.**

Court of Appeals of Texas,
Texarkana.

Oct. 17, 1989.

Louis Mathis, Port Arthur, for appellant.

John F. Miller, Jr., Dist. Atty., Texarkana, for appellee.

GRANT, Justice.

Tony Myers appeals the revocation of his probation. In 1982, Myers pled guilty to the offense of burglary of a building. He was sentenced to ten years in the Texas Department of Corrections and was granted probation, along with a fine of $350. According to the court's order, his probation was revoked for failing to report to the probation officer during one month, for failing to avoid the use of amphetamine and cannabinoid, for failing to avoid persons and places of harmful or disreputable character, and for committing the offense of manufacturing a controlled substance.

Myers contends that the trial court committed fundamental reversible error in his original conviction by giving him an improper admonishment as to the range of punishment, that the judgment revoking probation is not supported by the evidence, that he received ineffective assistance of counsel, and that the trial court abused its discretion in revoking his probation.

Myers's first contention is that his original conviction should be overturned for the failure of the trial court to admonish him

properly as to the full range of punishment attached to the original offense and his plea of guilty as required by Article 26.-13(a) of the Texas Code of Criminal Procedure. The record does not contain a statement of facts reflecting the oral admonition given by the court, but it does contain a document entitled "Proceedings Before the Court—Guilty Plea," which was certified to be correct by the trial judge. In this document the court states that Myers was informed that the punishment range was "a period of confinement in the Texas Department of Corrections of two to ten years and/or optional fine not to exceed $10,000."

Burglary of a building is a second degree felony. Tex.Penal Code Ann. § 30.02 (Vernon 1989). A second degree felony carries a punishment range of confinement in the Texas Department of Corrections for any term of not more than twenty years or less than two years and by a fine not to exceed $10,000. Tex.Penal Code Ann. § 12.33 (Vernon 1974).

The correct maximum is twenty years and not ten years. The term *and/or* indicates that the sentence could include both confinement and a fine or either one. The admonition used the disjunctive conjunction *or* before the fine and must be construed as offering the alternative that the offense could be punished by a fine only. The admonition was therefore erroneous as to both the maximum and minimum possible punishment.

The requirement that the court admonish the defendant of the consequences of his plea of guilty is mandatory, and the trial court's failure to comply with the statute may be raised by the defendant anytime. *Ex parte Smith*, 678 S.W.2d 78 (Tex. Crim.App.1984).

Article 26.13(c) of the Texas Code of Criminal Procedure provides that substantial compliance in admonishing the defendant is sufficient unless the defendant af-firmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonition of the court. However, what constitutes substantial compliance is a "troubled area of the law." *Whitten v. State*, 587 S.W.2d 156, 157 (Tex.Crim.App. [Panel Op.] 1979). There is a line of cases in Texas in which the courts hold that *any* admonition as to a range of punishment, however erroneous, constitutes substantial compliance. *See DeVary v. State*, 615 S.W.2d 739 (Tex. Crim.App. [Panel Op.] 1981); *Adams v. State*, 630 S.W.2d 806 (Tex.App.—Houston [1st Dist.] 1982, no pet.). However, an admonishment could be so erroneous that it would be worse than no admonishment at all.[1]

The Court of Criminal Appeals has generally held that an admonishment, even though erroneous, constitutes substantial compliance. *Eatmon v. State*, 768 S.W.2d 310 (Tex.Crim.App.1989) (admonished 2 to 10 years and up to $5,000 optional fine; actual 2 to 20 years and up to $10,000 optional fine; sentenced to 10 years); *Robinson v. State*, 739 S.W.2d 795 (Tex.Crim. App.1987) (admonished 2 to 10 years; actual 2 to 12 years; sentenced to 6 years); *Hurwitz v. State*, 700 S.W.2d 919 (Tex. Crim.App.1985), *cert. denied*, 474 U.S. 1102, 106 S.Ct. 884, 88 L.Ed.2d 919 (1986) (admonished 2 to 20 years; actual 2 to 10 years; sentenced to 2 years); *Ex parte Gibauitch*, 688 S.W.2d 868 (Tex.Crim.App. 1985) (admonished 10 to life or 99 years; actual 2 to 20 years; sentenced to 16 years; sent back for reassessment of punishment); *Ex parte Smith*, 678 S.W.2d 78 (Tex.Crim. App.1984) (admonished 2 to 20 years; actual 2 to 10 years; sentenced to 8 years); *Tellez v. State*, 522 S.W.2d 500 (Tex.Crim. App.1975) (admonished 2 to 10 years; actual 2 to 12 years; sentenced to 4 years). The only case that seems to be swimming upstream against this trend is *Taylor v. State*, 610 S.W.2d 471 (Tex.Crim.App. [Pan-

---

1. The court in *Johnston v. State*, 670 S.W.2d 394 (Tex.App.—Austin 1984, pet. dism'd), suggested that the better test for substantial compliance is to determine whether the error in the admonition is material to the voluntariness of the guilty plea, and if so, the admonition is not in substan-tial compliance with the statute. The court in the *Johnston* case cited *Whitten v. State*, 587 S.W.2d 156 (Tex.Crim.App. [Panel Op.] 1979), as setting forth this standard. However, in *Whitten* there was no admonition as to the range of punishment.

el Op.] 1980) (admonished 2 to 10 years; actual 2 to 20 years; sentenced to 10 years).[2]

There are two situations[3] in which the Court of Criminal Appeals has found that some admonition on the range of punishment did not constitute substantial compliance:

(1) When the defendant received more years than the court informed him was possible under the charge against him. In the case of *Weekley v. State*, 594 S.W.2d 96 (Tex.Crim.App. [Panel Op.] 1980), the trial court informed the defendant that he could receive a maximum of twenty years, and then the trial court sentenced him to twenty-five years.[4]

(2) When the sentence given to the defendant was outside the range allowed by statute. In the case of the *Hodges v. State*, 604 S.W.2d 152 (Tex.Crim.App. [Panel Op.] 1980), the trial court admonished the defendant that he could receive from two to twenty years' confinement and then sentenced him to four years' confinement. The actual range of punishment was from five years to life or ninety-nine years.

■ In the present case, the punishment given to Myers was not outside the trial court's admonition and the punishment was within the range provided by statute. Therefore, we conclude that the admonishment is in substantial compliance with Article 26.13 of the Texas Code of Criminal Procedure.

■ This substantial compliance is a prima facie showing that Myers entered his plea knowingly and voluntarily, and it shifts the burden to Myers to show that he entered his plea without understanding the consequences and thus was harmed. *Ex parte Smith*, 678 S.W.2d 78. In his brief, Myers contends that he was misled, but that assertion alone does not suffice to show harm. Myers has not testified or otherwise made known to the trial court that he would not have pled guilty if he had been correctly admonished. This point of error is overruled.

■ Myers contends that because the judgment recites that he had violated all four counts set out in the application to revoke, the entire judgment was void. He bases this on the fact that the record shows that the court in its pronouncement made a finding of insufficient evidence on two of the four counts and further found that the State had withdrawn a third count. The State acknowledges this error in a counterpoint which requests this Court to reform the judgment to reflect a violation of Count II only. We therefore will consider only the violation alleged in Count II. However, proof of the single remaining count is sufficient to support the revocation of probation. *See O'Neal v. State*, 623 S.W.2d 660 (Tex.Crim.App.1981). Thus, this point is overruled.

■ In Myers's pro se brief, he complains of ineffective assistance of counsel at his probation revocation hearing but cites no specific instance of when his counsel was ineffective. In determining wheth-

**2.** In *Taylor v. State*, 610 S.W.2d 471 (Tex.Crim. App. [Panel Op.] 1980), the trial court admonished the defendant that the range of punishment was from two to ten years instead of two to twenty years as provided by the statute. The defendant was given ten years, and the appellate court reversed and remanded on the basis that there was no substantial compliance with the statute.

**3.** There is a third area that does not involve substantial compliance, but does give the trial judge an opportunity to reassess punishment. This occurs when the trial court attempts to give the defendant the minimum punishment allowed by law, but the admonishment shows that the trial court was not aware of the correct

minimum. In the case of *Borrego v. State*, 558 S.W.2d 1 (Tex.Crim.App.1977), the trial court admonished the defendant that he could receive from five years to life or ninety-nine years' confinement, when the actual range of punishment was from two years to twenty years' confinement. The trial court gave the defendant five years, but the case was remanded for resentencing, so that the trial court would have an opportunity to give Borrego the correct minimum sentence.

**4.** *See also Ex parte Williams*, 704 S.W.2d 773 (Tex.Crim.App.1986), where the trial court erred by informing the defendant that probation was available to him when in fact it was not available.

er a person has had effective assistance of counsel, a two-step analysis is required. First, the inquiry must be whether counsel's performance was deficient. Second, the defendant must demonstrate to a reasonable probability that but for the errors of counsel, the result of the proceedings would be different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). After reviewing the entire record, we conclude that Myers's attorney conducted a vigorous and competent direct and cross-examination of the witnesses and that his overall performance was not deficient. We find that the outcome of the trial was not affected by error, if any, on the part of his attorney.

Myers next contends that the trial court abused its discretion in revoking Myers's probation for not avoiding injurious and vicious habits because the evidence was insufficient to show habit.

At a hearing on a motion to revoke probation, the judge need only find that the allegations set forth by the motion are supported by a preponderance of the evidence. *Martin v. State*, 623 S.W.2d 391 (Tex.Crim.App. [Panel Op.] 1981); *Russell v. State*, 551 S.W.2d 710 (Tex.Crim.App. 1977). In reviewing a probation revocation, we view the evidence in the light most favorable to the verdict. *Collins v. State*, 664 S.W.2d 375 (Tex.App.—Corpus Christi 1983, no pet.). The trial court abuses its discretion in issuing an order to revoke probation if the State fails to meet its burden of proof. *Cardona v. State*, 665 S.W.2d 492 (Tex.Crim.App.1984).

The terms and conditions of Myers's probation included that he must "[a]void injurious and vicious habits."

In the application to revoke probation, the State alleged the following:

> Petitioner would show unto the Court that the Defendant, TONY A. MYERS, has willfully violated the terms of said probation in that the said TONY A. MYERS failed to avoid injurious and vicious habits; specifically, amphetamine and cannabinoid, for which he tested positive on or about April 9, 1988.

The State did not allege that Myers violated the terms of his probation by violating the law by having possession of illegal drugs. Probation may not be revoked on a finding of violation of any probationary condition other than that alleged or necessarily included within the allegations in the motion to revoke probation. *Garcia v. State*, 571 S.W.2d 896 (Tex.Crim.App. [Panel Op.] 1978). The State instead undertook the difficult burden of proving that Myers did not avoid injurious and vicious habits. A habit is a disposition or condition of the body or mind acquired by custom or a usual repetition of the same act or function. It is a tendency for customary conduct acquired from frequent repetition of the same acts. *Campbell v. State*, 456 S.W.2d 918 (Tex.Crim. App.1970), *citing, Black's Law Dictionary* (4th ed.). Evidence of a single act cannot constitute a habit. *Garcia v. State*, 571 S.W.2d 896; *Morales v. State*, 538 S.W.2d 629 (Tex.Crim.App.1976); *Marshall v. State*, 466 S.W.2d 582 (Tex.Crim.App.1971).

In *Chacon v. State*, 558 S.W.2d 874 (Tex. Crim.App.1977), the court made a distinction between those cases in which the motion to revoke and the terms of the probation were drafted in terms of a failure to avoid injurious or vicious habits and those cases in which the terms related to the failing to abstain from the use, possession, or control of an illegal drug. That distinction cannot be made in the present case. The term of probation was that he "avoid injurious and vicious habits."

The evidence against Myers on this violation included testimony that his urine specimen tested positive for amphetamine and cannabinoid. The medical technologist who tested the urine specimen testified that the laboratory examination did not test for frequency of use. Harold McGee, Myers's probation officer, testified that Myers had admitted to using marihuana "now and then" and that he had warned Myers that he would be required to have a urine test on his next reporting date. Myers testified that he had told McGee that he had smoked some marihuana a week before reporting.

Myers testified at the trial that he could not remember where he got the marihuana that he last used and that he might have brought it with him from Alaska. He further testified that he did not buy the marihuana, that where he got it was not significant enough to cause him to remember it, but that he had bought marihuana in the past. Myers answered "yes" to the question, "You freely admit that you use marihuana, do you not?"

The evidence does not show more than a single use of an amphetamine, and therefore is not sufficient to show that Myers had a habit of using amphetamines. However, there is sufficient evidence for the trial judge to have determined that Myers had violated the terms of his probation by habitual use of marihuana (cannabinoid).

We reform the judgment of the trial court to eliminate all of the grounds set forth for the revocation of the probation except the use of cannabinoid. As reformed, the judgment of the trial court is affirmed.