Smith-WR Jr v. State 






AFFIRMED
AUGUST 16, 1990
 
                        NOS. 10-90-056-CR
                             10-90-057-CR
                             10-90-058-CR 
Trial Court
#'s 18,929-272
    18,932-272
    18,935-272
 
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

WILLIE ROBERT SMITH, JR.,
   Appellant
v.

THE STATE OF TEXAS,
   Appellee

* * * * * * * * * * * * *

 From 272nd Judicial District Court
Brazos County, Texas

* * * * * * * * * * * * *

These appeals stem from convictions under three indictments
that each charged appellant with a third-degree felony offense of
theft of property valued at less than $750 after having been
previously convicted twice of theft offenses. The offenses
allegedly occurred in June and July 1989, violating Texas Penal
Code §31.03(e)(4)(C). See now §31.03(e)(4)(E). Appellant pleaded
guilty to the court in each case. Punishment was assessed by the
court in each case at confinement in the institutional division of
the Texas Department of Criminal Justice for a term of ten years,
and the court ordered that the punishments in the three cases would
be served concurrently. These appeals resulted.
In three points of error, appellant seeks reversals in the
cases on grounds (1) that the evidence was not sufficient to
support the convictions, (2) that the trial court failed to
properly admonish appellant as to the consequences of his guilty
pleas, and (3) that the evidence was not sufficient to support the
punishment assessed. Since the points of error are identical in
each case, we shall consider the appeals jointly. 
Appellant pleaded guilty to the three offenses as charged in
the indictments and judicially confessed in open court, under oath,
to the charges set forth in each indictment. A judicial confession
alone is sufficient to sustain a conviction upon a guilty plea, and
to satisfy the requirements of article 1.15, V.A.C.C.P., for
evidence corroborating the guilty plea. Dinnery v. State, 592
S.W.2d 343, 347 (Tex.Cr.App.1980). Point one is overruled.
The record shows that the trial court's admonishment of
appellant surrounding appellant's plea of guilty complied in every
pertinent respect with the requirements of article 26.13, Vernon's
Ann.C.C.P. Even substantial compliance with this statute is
sufficient. Adams v. State, 630 S.W.2d 806, 808 (Tex.App.--Houston
[1st Dist.] 1982, no pet.). Appellant has failed to show us how he
was mislead or harmed by any faulty admonishment. Point two is
overruled.
Appellant argues under his third point of error that the
record "indicates that the court had a bias against the defendant
that affect[ed] the decision on punishment," because the trial
judge stated to appellant immediately prior to the assessment of
punishment that appellant was "probably a career criminal" and
suggested that appellant had attempted to "weasel" out of his plea
of guilty at one stage in the proceedings by suggesting that he had
only pleaded guilty because his lawyer had told him to plead
guilty. These statements made by the trial judge, although
unnecessary, were supported by the evidence which showed four
felony convictions (possession of a controlled substance, two
thefts, and escape) prior to the commission of the three offenses
in question. The punishments assessed in the cases here were
within the statutory limits, and were expressly ordered to be
served concurrently. The record does not show that the punishments
assessed were the products of bias toward appellant by the trial
court. Point three is overruled.
The judgments are affirmed.
 
                               VIC HALL
DO NOT PUBLISHJustice