United States Court of Appeals,

Fifth Circuit.

No. 91–2668

Summary Calendar.

James Terrell SMITH, Petitioner–Appellant,

v.

James A. COLLINS, Director, Texas Department of Criminal Justice, Institutional Division, Respondent–Appellee.

June 30, 1992.

Appeal from the United States District Court for the Southern District of Texas.

Before POLITZ, Chief Judge, KING and GARWOOD, Circuit Judges.

POLITZ, Chief Judge:

Proceeding *pro se* and *in forma pauperis* James Terrell Smith appeals the denial of his application for a writ of federal habeas corpus in which he seeks relief from his state court aggravated robbery conviction and sentence of confinement for 45 years. For the reasons assigned we affirm.

Background

Smith was charged with the felony offense of aggravated robbery with a deadly weapon for the March 22, 1983 holdup of three men in Houston, Texas. For purposes of sentence enhancement the state also charged Smith with previous felony convictions for robbery-by-assault and forgery.

Testimony at trial reflected that Juan E. Guerrero and his two brothers, Jose and Jerrardo, were riding in a car when Smith pulled alongside of them, brandished a pistol and fired a shot breaking the window on the driver's side and striking Jose, and forced their car to stop. Juan fled the vehicle, running to a nearby house to call the police. Smith jumped out of his car, pointed his pistol at the injured Jose's head and robbed him of his money. Smith then pulled Jerrardo out of the back seat of the car and stole his money, watch, and address book after pistol-whipping him. At that point Smith attempted to flee the scene in the Guerrero car but was arrested a half block away by police

who fortunately were nearby and responded immediately to the call for assistance.

The jury found Smith guilty. The trial court, finding the two enhancement paragraphs of the indictment true, sentenced Smith to confinement for 60 years. On direct appeal the Texas appellate court found the robbery-by-assault conviction invalid for enhancement purposes because of technical defects in the indictment. It remanded the case for resentencing. *Smith v. State,* 681 S.W.2d 734 (Tex.Ct.App.1984). On remand the trial court found the remaining enhancement conviction valid and imposed a sentence of 45 years. After exhausting state remedies Smith filed the instant federal habeas petition.

The matter was referred to a magistrate judge who recommended that the petition be denied. The magistrate judge's report was signed and entered on April 23, 1991. On May 14, 1991 the court signed a judgment adopting the recommendations and denying habeas relief. That judgment was entered on May 20, 1991. Smith received the magistrate judge's report on May 8, 1991. Coincidentally he signed objections to the report on May 14, 1991 which were filed on May 20, 1991. Smith timely appealed the judgment and the district court granted a certificate of probable cause.

Discussion

We begin by noting that the district court could not have considered Smith's objections prior to ruling. For purposes of this opinion, we presume without deciding that Smith's objections were timely under 28 U.S.C. § 636(b)(1)(C) and that the court erred in failing to consider them. This failure provides no basis for reversal, however, because Smith raised no factual objections to the recommendation but merely reurged the legal arguments he raised in his original petition. "[W]here issues of law freely reviewable by us are independently fully determinative, it would be a most unusual case in which the district court's failure to accord the full measure of required *de novo* determination would be other than harmless error." *Garcia v. Boldin,* 691 F.2d 1172, 1180 (5th Cir.1982).

Smith contends that the district court erred in rejecting his claims that he was (1) improperly impeached with void prior convictions; (2) denied the right to effective cross-examination of the state's three key eyewitnesses; and, (3) subjected to double jeopardy when he was resentenced following remand from the Texas Court of Appeals.

When considering a federal habeas corpus petition presented by a petitioner in state custody, we must accord a presumption of correctness to state court factual findings. *Barnard v. Collins,* 958 F.2d 634 (5th Cir.1992) (citing 28 U.S.C. § 2254(d)). The district court's findings of fact are reviewed for clear error; issues of law are reviewed *de novo. Humphrey v. Lynaugh,* 861 F.2d 875 (5th Cir.1988), *cert. denied,* 490 U.S. 1024, 109 S.Ct. 1755, 104 L.Ed.2d 191 (1989).

1. *Improper Impeachment*

Smith maintains that he did not receive a fair trial because the trial judge allowed the prosecution to impeach his testimony with evidence of several void convictions.[1] On cross-examination Smith was impeached by the use of one of his 1973 robbery convictions, a forgery conviction, and a firearm possession conviction. Smith argues that the similarity between the void robbery-by-assault and firearm possession convictions and the present offense may have made the jury

_____

[1]On the date of his trial, November 7, 1983, Smith had five felony convictions, none of which had been vacated:

1. Robbery by assault; committed 12/06/72

2. Robbery by assault; committed 01/23/73

3. Robbery by assault; committed 01/15/73

4. Forgery; committed 06/09/79

5. Unlawful possession of a firearm by a convicted felon; committed 06/24/79

> Subsequently all but the felony conviction for forgery were invalidated by the Texas Court of Criminal Appeals. The indictments for the three assault offenses failed to allege ownership of the property taken and were thus found fatally defective under *Lucero v. State,* 502 S.W.2d 128 (Tex.Crim.App.1973). Because the predicate offense for the firearm possession conviction was one of the robbery by assault convictions, it too was voided.

more likely to believe that he was guilty, thus rendering his trial unfair. In support of this contention he relies on *Loper v. Beto,* 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972), a case also involving the use of prior void convictions for impeachment purposes.

Smith's reliance on Loper is misplaced. *Loper* involved convictions used for impeachment which were constitutionally invalid because the accused was denied the right to counsel—a defect which impairs the very integrity and reliability of a conviction. *Loper,* 405 U.S. at 483, 92 S.Ct. at 1019, 31 L.Ed.2d at 382. Smith's prior convictions were invalidated because the indictments contained technical defects. *See e.g., Smith,* 681 S.W.2d at 736; *Ex parte Smith,* 709 S.W.2d 218 (*en banc per curiam* ) (Tex.Crim.App.1986). The factual reliability of his convictions were not questioned. The Texas Court of Criminal Appeals did not find, and Smith does not now suggest, that he was innocent of those offenses.

Further, the use of the void convictions in *Loper* "might well have influenced the outcome of [that] case" because the issue of innocence and guilt "turned entirely on whether the jury would believe the testimony of an 8–year-old girl or that of Loper."[2] 405 U.S. at 480, 482, 92 S.Ct. at 1018, 1019, 31 L.Ed.2d at 380, 381. In the case at bar it is not likely that Smith's jury would have found the state's case significantly less persuasive if this impeaching evidence had been excluded.

"In reviewing state evidentiary rulings, our role is limited to determining whether a trial judge's error is so extreme that it constituted denial of fundamental fairness." *Evans v. Thigpen,* 809 F.2d 239, 242 (5th Cir.), *cert. denied,* 483 U.S. 1033, 107 S.Ct. 3278, 97 L.Ed.2d 782 (1987) (quoting *Mattheson v. King,* 751 F.2d 1432, 1445 (5th Cir.1985)). The evidence of Smith's guilt was overwhelming. He was arrested one-half block from the scene of the crime, driving the victims' car, with a wallet and address book belonging to one of the victims in his pocket. All three victims

---

[2]Loper was being tried for the statutory rape of his eight-year-old stepdaughter, the only witness to the crime.

identified him as the man who assaulted and robbed them at gunpoint. Smith's defense consisted of his testimony that the victims and the arresting officers were all committing perjury just to frame him. Considering the entire record, the use of the void convictions for impeachment purposes did not rise to the level of denying Smith a fundamentally fair trial. *Evans,* 809 F.2d at 242. This contention is without merit.

2. *Denial of Cross-examination*

Smith alleges that his right to confront adverse witnesses was violated when the trial court refused to allow cross-examination about the alien status of the Guerrero brothers. He claims that he could have impeached their testimony by informing the jury of their questionable immigration status.

"While it is within the discretionary authority of the trial court to limit cross-examination, that authority "comes into play only after there has been permitted as a matter of right sufficient cross-examination to satisfy the Sixth Amendment.' " *United States v. Garza,* 754 F.2d 1202, 1206 (5th Cir.1985) (quoting *United States v. Mayer,* 556 F.2d 245, 250 (5th Cir.1977)). The relevant inquiry is whether the jury had sufficient information to appraise the bias and motives of the witness. *United States v. Viera,* 819 F.2d 498 (5th Cir.1987), *reinstated on reh'g en banc,* 839 F.2d 1113 (5th Cir.1988) (citations omitted). We must determine whether the limitation on cross-examination created a substantial danger of prejudice by depriving the defense of the ability to test the truth of the direct testimony of the witnesses.

The district court was of the opinion that the excluded information should have been admitted because in their testimony the victims might have favored the state in an attempt to avoid possible deportation. The court found, notwithstanding, that the limitation on cross-examination did not reach the level of a federal due process violation because the jury heard testimony which indicated that the Guerrero brothers had immigration problems.

Our cases uniformly hold that reversal is not appropriate if the error was harmless beyond reasonable doubt. *Carrillo v. Perkins,* 723 F.2d 1165 (5th Cir.1984). Under this standard, we too are convinced that reversal is not warranted. As above noted, the evidence of Smith's guilt was overwhelming. His defense was not crippled by the trial court's decision to limit cross-examination of the victims. The three brothers testified, through an interpreter, that the robbery occurred while they were on their way to see a lawyer and make bond for a brother who had been arrested because of his alien status. The jury knew that at least one of the Guerrero brothers had been apprehended by immigration authorities. Both defense counsel and the prosecutor spoke to this issue during closing argument. It had to be apparent to the jury that the victims' testimony might have been flavored by a desire to ingratiate themselves with the authorities in an effort to lessen their immigration difficulties. This claim of error is without merit.

3. *Double Jeopardy*

Smith's final contention is that he was subjected to double jeopardy by his second punishment hearing. Specifically, he argues that the evidence used during the first punishment hearing was used at the second punishment hearing, all in violation of the proscription against double jeopardy.

This argument has no merit and is squarely foreclosed by our decision in *Millard v. Lynaugh,* 810 F.2d 1403 (5th Cir.), *cert. denied,* 484 U.S. 838, 108 S.Ct. 122, 98 L.Ed.2d 81 (1987). The use of a remaining valid conviction to resentence a defendant as a repeat offender after the invalidation of his conviction as an habitual offender does not offend double jeopardy.

No assignment of error advanced by Smith has merit. The judgment appealed is AFFIRMED.