IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30047
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES ALONZO BENJAMIN,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Wester District of Louisiana
USDC No. 94-CV-1882 (92-CR-20007)
- - - - - - - - - -
March 21, 1995
Before GARWOOD, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

IT IS ORDERED that James Alonzo Benjamin's motion for leave to proceed in forma pauperis is DENIED. Benjamin has not shown that he will present a nonfrivolous issue on appeal. Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982). Because the appeal is frivolous, it is DISMISSED. See 5th Cir. R. 42.2.

Benjamin argues that he was denied effective assistance of counsel because his attorney was preoccupied with his wife's illness and therefore did not challenge the search as an illegal, pretextual stop. To establish an ineffective assistance of

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

counsel claim a movant must demonstrate that his attorney's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish prejudice the movant must show that counsel's errors were so serious as to render the proceedings unreliable and fundamentally unfair. Lockhart v. Fretwell, 113 S. Ct. 838, 844 (1993).

Benjamin argues that his attorney was ineffective for not arguing in the district court that the officer who made the initial stop had narcotic interdiction duties but no traffic enforcement duties. He cannot demonstrate prejudice. The district court found that the arresting officer had a legitimate basis for stopping the truck and, therefore, it is irrelevant whether the officer's primary function was narcotics interdiction. See United States v. Shabazz, 993 F.2d 431, 435 n.3 (5th Cir. 1993).

Benjamin has failed to raise or brief the claims that counsel was ineffective for failing to request a severance or cautionary instruction and for failing to present mitigating evidence at sentencing. Therefore, they are considered abandoned. See Evans v. City of Marlin, Tex., 986 F.2d 104, 106 n.1 (5th Cir. 1993).

Benjamin also argues that he was denied due process because the district court denied his motion before he filed his timely response to the Government's answer. On appeal Benjamin argues only that his attorney failed to present the pretextual stop issue, but Benjamin cannot establish Strickland prejudice.

Nothing in Benjamin's response to the Government's answer would alter the result, see <u>Smith v. Collins</u>, 964 F.2d 483, 485 (5th Cir. 1992), and any error in denying the motion before Benjamin had an opportunity to respond was harmless.

Appeal DISMISSED.