**RUBEN A., as next friend of R.A., Plaintiff,**

v.

**EL PASO INDEPENDENT SCHOOL DISTRICT, Defendant.**

No. EP–07–CA–029–FM.

United States District Court,
W.D. Texas,
El Paso Division.

Sept. 25, 2009.

Charles Mark Berry, Attorney at Law, Colbert N. Coldwell, Guevara, Rebe, Bumann, Coldwell & Reedman, El Paso, TX, for Plaintiff.

Joe Ruben Tanguma, Walsh, Anderson, Brown, Schulze & Aldridge, PC, Irving, TX, Elena M. Gallegos, Walsh, Anderson, Brown, Schulze & Aldridge, PC, Austin, TX, for Defendant.

### MEMORANDUM OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE, AS MODIFIED HEREIN

FRANK MONTALVO, District Judge.

On this date, the Court considered the United States Magistrate Judge's ("Magistrate Judge") "Report and Recommendation of the Magistrate Judge" ("Report and Recommendation") [Rec. No. 57], filed September 10, 2009, and El Paso Independent School District's ("Defendant" or "EPISD") "EPISD's Objections to the Report and Recommendation of the Magistrate Court" ("Objections") [Rec. No. 59], filed September 21, 2009. Based upon the Court's *de novo* review of Defendant's Objections, the Record, and the applicable law, the Court will overrule EPISD's Objections and approve and adopt the Magis-

trate Judge's Report and Recommendation, as modified herein. Accordingly, the Court will grant Ruben A.'s, as next friend of R.A., "Plaintiff's Motion for Attorney Fees and Memorandum of Law" ("Motion for Attorney's Fees") [Rec. No. 42], filed October 23, 2008, and deny EPISD's "El Paso Independent School District's Motion to Strike or Alternatively Motion to Stay Plaintiff's Motion for Attorneys' Fees" ("Motion to Strike") [Rec. No. 43], filed October 28, 2008.

## I. *PROCEDURAL HISTORY*

### A. *Procedural History of the Administrative Due Process Proceedings*

On November 2, 2005, an Admission, Review, and Dismissal Committee ("ARD Committee") at EPISD ordered R.A. be evaluated, pursuant to the Individuals with Disabilities Education Act ("IDEA"). EPISD failed to conduct the evaluation. Ruben A. filed his administrative due process complaint with the Texas Education Agency ("TEA") on August 14, 2006, complaining EPISD deprived R.A. of a free appropriate public education ("FAPE"). At the time of filing the administrative due process complaint, R.A. had not been evaluated since July 10, 2002.

On August 24, 2006, Mark Berry ("Berry"), Ruben A.'s attorney, requested Elena Gallegos ("Gallegos"), EPISD's attorney, to communicate with and present documents to Ruben A. only through Berry in order to avoid confusion. On that same day, Berry expressed his concern to Superintendent Lorenzo Garcia that he had not heard from anyone at EPISD to schedule a resolution session in the case.

On August 25, 2006, EPISD proposed to Ruben A. that an evaluation of R.A. be conducted within ten days of the resolution session, or sooner, if agreed upon at the resolution session. On August 28, 2006, EPISD proposed a settlement agreement to Ruben A., in which it offered to implement the required evaluations if Ruben A. would dismiss the administrative due process complaint. The proposed settlement agreement did not offer attorney's fees. On August 30, 2006, the parties held the resolution meeting; however, the parties did not reach a settlement.

On August 31, 2006, EPISD sent two resolution agreements to Berry, one which offered Ruben A. no attorney's fees and a second, which offered Ruben A. $750.00 in attorney's fees. Berry responded the same day, urging EPISD to enter a proposed consent order. On September 1, 2006, Berry again responded to EPISD and urged it to enter into the proposed consent order.

On September 5, 2006, EPISD responded to Berry's September 1, 2006, letter, refusing to enter the proposed consent order and claiming the case was moot. Later that day, Ruben A. responded, proposing alternative language in the proposed consent order, and Berry suggested to Gallegos that the issue of attorney's fees be submitted to mediation. Also on September 5, 2006, EPISD moved the Special Education Hearing Officer ("SEHO") to dismiss Ruben A.'s administrative due process complaint because EPISD had purportedly offered Ruben A. a complete remedy and resolution, thus rendering the dispute moot, although the offer was conditioned on an agreement to dismiss the administrative due process complaint.

On September 6, 2006, the parties held a prehearing conference via telephone with the SEHO. At the conference, the SEHO denied EPISD's motion to dismiss. On that same day, Berry sent a letter to TEA asking for mediation. Gallegos also sent Berry a letter, stating the only remaining issue was attorney's fees and stating EPISD did not have a fee demand from him. Gallegos told Berry that R.A.'s evaluation

should not be delayed pending the resolution of the dispute concerning attorney's fees. Berry wrote Gallegos, urging EPISD to enter the proposed consent order or mediation.

On September 12, 2006, EPISD filed a proposed order with the SEHO, which would have granted the relief Ruben A. requested, but would have dismissed the case with prejudice. Ruben A. opposed such an order, and Berry filed "Petitioner's Response to Respondent's Request for Order" on September 13, 2006, opposing an order of dismissal with prejudice.

On September 18, 2006, EPISD declined to participate in mediation. Berry renewed his request the same day. On September 21, 2006, TEA informed Berry that Gallegos had refused to participate in mediation.

The due process hearing commenced on October 5, 2006, and concluded on October 6, 2006. On October 13, 2006, Berry filed Plaintiff's "Petitioner's Closing Argument." On October 25, 2006, the SEHO entered its "Decision of Hearing Officer." According to the SEHO,

> [a]lmost immediately the district began attempting to correct the problem by offering all the relief the petitioner's [sic] had requested of this [SEHO] in their Due Process Complaint, but were unable to reach an agreement with the petitioners and their counsel, presumably over the issue of attorney's fees.[1]

After hearing the testimony of the witnesses, reviewing admitted exhibits from both parties, and weighing such evidence in light of current law, the SEHO denied the motion to dismiss, which EPISD had renewed, found EPISD failed to provide R.A. a FAPE, and granted Ruben A. relief.

On October 27, 2006, Berry sent another correspondence to Gallegos concerning the SEHO's decision, proposing mediation of attorney's fees in order to avoid any further litigation. On November 15, 2006, EPISD agreed to mediation on the condition Ruben A. provide "detailed billing statements." On November 28, 2006, Berry declined to provide the statements on the basis of attorney-client privilege. At the same time, Ruben A. requested EPISD to have a representative with settlement authority present at the mediation. On November 30, 2006, Gallegos informed Berry she could only receive an offer for settlement at the mediation, which would have to be presented to the school board.

### B. Procedural History of the Federal Litigation

This case commenced on January 23, 2007, when Ruben A. filed "Plaintiff's Original Complaint" ("Complaint") [Rec. No. 2] on behalf of his minor child, R.A., as a "prevailing party" to collect attorney's fees pursuant to the IDEA, section 1415, Title 20 of the United States Code, based on the SEHO's decision finding EPISD failed to provide R.A. with a FAPE and EPISD deprived R.A. of an educational benefit by failing to properly evaluate R.A. Ruben A. filed his Complaint on the ninetieth day after the SEHO entered his decision.

Rather than simply litigate the issue of the appropriate amount of attorney's fees to be awarded pursuant to the IDEA, on February 20, 2007, EPISD filed "Defendant/Counter–Plaintiff's First Original Answer, Counterclaim, and Third–Party Complaint" [Rec. No. 4], in which it denied Ruben A. was entitled to attorney's fees, claimed numerous defenses, and filed a counterclaim. In its counterclaim, EPISD challenged the SEHO's decision concerning jurisdiction over the due process hearing and the deprivation of educational benefits or a FAPE; and sought attorney's fees from Ruben A. on the alleged basis

1. Vol. I of Admin. Rec. at 8, SEHO's Decision of Hearing Officer ¶ 13.

that the administrative complaint or subsequent cause of action was improper.

On March 12, 2007, Ruben A. filed his "Motion to Dismiss Counterclaim for Failure to State a Claim" [Rec. No. 7], with his "Memorandum of Law in Support of Plaintiff's 12(b)(6) Motion" [Rec. No. 8], requesting the Court to dismiss EPISD's counterclaim for attorney's fees because EPISD was not a prevailing party. On March 26, 2007, EPISD filed "Defendant/Counter-Plaintiff's Response to Plaintiffs Motion to Dismiss for Failure to State a Claim" [Rec. No. 12], contending it sufficiently pleaded a cause of action for attorney's fees and sufficiently pleaded Ruben A.'s continuation of his administrative due process complaint was for an improper purpose.

On April 30, 2007, the Court, by its "Referral Order" [Rec. No. 18], referred this matter to United States Magistrate Judge Norbert J. Garney ("Magistrate Judge") to issue proposed findings of fact and recommendations for disposition by the Court. In his "Report and Recommendation of the Magistrate Judge" [Rec. No. 22], filed October 22, 2007, the Magistrate Judge concluded the SEHO had jurisdiction to conduct the due process hearing and recommended Ruben A.'s motion to dismiss be denied because it was not clear from the Record that EPISD would be unable to prove any set of facts demonstrating it was a prevailing party.

On October 31, 2007, Ruben A. filed "Plaintiff's and Third Party Defendant's Objections to the Report and Recommendation of the Magistrate Judge" [Rec. No. 23], objecting to the Magistrate Judge's findings on the basis EPISD failed to plead it was a prevailing party, such that attorney's fees could be awarded pursuant to the IDEA. On November 1, 2007, EPISD filed "El Paso Independent School District's Response to Report and Recommendation of Magistrate Judge" [Rec. No.

24], agreeing with the Magistrate Judge, except for the conclusion the SEHO had jurisdiction to conduct the due process hearing.

On December 3, 2007, the Court entered its "Memorandum Opinion and Order Granting Motions to Dismiss El Paso Independent School District's Counterclaims for Attorney's Fees" [Rec. No. 25]. The Court determined the SEHO had subject matter jurisdiction over Ruben A.'s due process complaint; EPISD failed to state a claim for attorney's fees under the IDEA; EPISD could proceed on its counterclaim appealing the SEHO's decision; and the resolution of Ruben A.'s claim for attorney's fees should be held in abeyance until the Court determined whether the SEHO erred in his decision.

On December 12, 2007, Ruben A. filed "Plaintiffs and Counter–Defendant's Original Answer to Defendant's Counterclaim" [Rec. No. 26], denying, among other allegations, that the SEHO erred in finding EPISD failed to adequately evaluate R.A. and to provide R.A. a FAPE. On February 13, 2008, Ruben A. filed "Plaintiff and Counter–Defendant's First Amended Answer" [Rec. No. 31], alleging EPISD's counterclaim seeking review of the SEHO's decision was barred by the ninety-day limitations period.

On April 10, 2008, Ruben A. filed "Plaintiffs Motion for Partial Summary Judgment and Memorandum in Support" [Rec. No. 33], requesting the Court to dismiss EPISD's counterclaim challenging the SEHO's decision on the merits because it was barred by the ninety-day limitations period for claims pursuant to the IDEA, section 1415(i)(2)(A)-(B). On April 24, 2008, EPISD filed "El Paso Independent School District's Response in Opposition to Plaintiff's Motion for Partial Summary Judgment" [Rec. No. 34], contending its counterclaim was compulsory; logically related to Ruben A.'s action for attorney's

fees; and timely filed, or, alternatively, an action in recoupment, which could never be barred by the statute of limitations. On May 9, 2008, Ruben A. filed "Plaintiff and Counter–Defendant's Reply to Defendant's Response in Opposition to Plaintiff's Motion for Partial Summary Judgment" [Rec. No. 35], arguing EPISD did not contest the SEHO's decision within the ninety-day limitations period, his action was based only upon his statutory right to collect attorney's fees, and therefore, EPISD's counterclaim was barred.

On September 17, 2008, the Magistrate Judge entered his "Report and Recommendation of the Magistrate Judge" [Rec. No. 38], finding EPISD's counterclaim seeking review of the SEHO's decision was barred by the ninety-day limitations period. The Magistrate Judge declined to address EPISD's contentions that Ruben A.'s attorney needlessly protracted the litigation and that Ruben A. improperly refused to accept EPISD's offer of settlement. The Magistrate Judge determined Ruben A. was entitled to prevailing party status because the SEHO ordered EPISD to provide R.A. relief, which materially changed the legal relationship between the parties.

EPISD objected to the Magistrate Judge's finding that EPISD's counterclaim was barred by the ninety-day limitations period in "El Paso Independent School District's Objections to Magistrate Court's Report and Recommendations" [Rec. No. 39], filed September 29, 2008. EPISD objected to the Magistrate Judge's finding that Ruben A. was a prevailing party because EPISD did not have the opportunity to brief the issue. It also objected to the finding that the SEHO's decision bore judicial imprimatur because the decision bestowed upon Ruben A. no more than what EPISD's written settlement offers would have provided.

On October 8, 2008, the Court entered its "Order Adopting Report and Recommendation" [Rec. No. 40]. The Court reviewed the Magistrate Judge's September 17, 2008, Report and Recommendation, EPISD's Objections, and the Record, overruled EPISD's objections, and adopted the Report and Recommendation in its entirety. Also on October 8, 2008, more than six hundred days after Ruben A. commenced this action, the Court referred the matter to the Magistrate Judge, by its "Referral Order" [Rec. No. 41], to resolve Ruben A.'s Complaint for attorney's fees.

C. *Subject Motions of the Magistrate Judge's Report and Recommendation*[2]

On October 23, 2008, Ruben A. filed his Motion for Attorney's Fees, asserting he is

---

**2.** Prior to the Magistrate Judge entering its Report and Recommendation regarding the subject motions, on May 4, 2009, EPISD filed "El Paso Independent School District's Motion for Reconsideration of Dismissal of Its Counterclaim" [Rec. No. 48], requesting the Court to reconsider its previous Order dismissing EPISD's counterclaim for review of the SEHO decision on the merits because of a recent decision of the Third Circuit, which found a counterclaim requesting review of the SEHO's decision was timely, even if filed after the ninety-day limitations period. On June 8, 2009, Ruben A. filed his "Response to El Paso Independent School District's Motion for Reconsideration of Dismissal of its Coun-

terclaim" [Rec. No. 51], arguing reconsideration was not warranted because EPISD's counterclaim was untimely. On June 9, 2009, EPISD filed "Defendant's Reply to Plaintiff's Response to Its Motion for Reconsideration of Dismissal of Its Counterclaim" [Rec. No. 52], re-urging its argument for reconsideration.

On July 1, 2009, the Magistrate Judge entered his "Report and Recommendation of the Magistrate Judge" [Rec. No. 53], in which the Magistrate Judge determined EPISD's request for reconsideration pursuant to the Third Circuit's decision lacked merit. On July 12, 2009, EPISD filed its Objections to the Magistrate Court's Report and Recom-

a prevailing party and requesting reasonable attorney's fees in accordance with the lodestar method. Ruben A. argues EPISD contributed to the novelty and difficulty of the case by seeking attorney's fees from Ruben A. and Berry, even though EPISD is not a prevailing party of the administrative due process proceeding. Ruben A. contends he was forced to defend himself against this claim, and his attorney, Berry, was forced to retain counsel to defend against the claim, as well. Ruben A. asserts EPISD filed such claims to harass Ruben A. and Berry, to cause unnecessary delay, and to needlessly increase the cost of litigation.

Ruben A. suggests a reasonable fee per hour for the administrative due process proceedings is $235.00 per hour, while a reasonable fee per hour for the federal litigation is $260.00 per hour. Berry's invoices indicate he spent a total of 93.4 hours working on the administrative due process proceedings, while he spent a total of 110.2 hours working on the federal litigation. Ruben A. offers declarations in support of his request for attorney's fees from El Paso attorneys, which support the reasonableness of the hourly fees, as well as the time expended. Ruben A. has requested a total of $50,601.00 in attorney's fees for work performed for both the administrative due process proceedings and the federal litigation.

On October 28, 2008, EPISD filed its Motion to Strike, asking the Court to strike Ruben A.'s request for attorney's fees as untimely or to stay the request pending entry of final judgment. EPISD contends there has been no determination concerning whether Ruben A. is entitled to attorney's fees under the IDEA, and it argues Ruben A. is not a prevailing party. EPISD asks the Court to strike or stay Ruben A.'s request for attorney's fees until the Court renders a final determination of whether EPISD is liable to Ruben A. for attorney's fees.

On November 3, 2008, EPISD filed "El Paso Independent School District's Objections to Plaintiff's Motion for Attorney's Fees" ("Response") [Rec. No. 44].[3] EPISD contends attorney's fees were not requested in the administrative due process complaint. EPISD argues Ruben A. is not a prevailing party because the SEHO's decision did not compel EPISD to provide something it had refused to provide or had not already offered R.A. EPISD asserts Ruben A.'s rejection of EPISD's settlement offers, which purportedly offered all

mendations [Rec. No. 54], asserting the Magistrate Judge erred on all points. On July 27, 2009, Ruben A. filed "Plaintiff's Response in Opposition to Defendant's Objections to Magistrate Court's Report and Recommendations" [Rec. No. 55], asserting EPISD's counterclaim was permissive and, therefore, untimely.

On August 13, 2009, the Court entered its "Memorandum Opinion and Order Overruling Defendant's Objections and Adopting Report and Recommendation of the Magistrate Judge" [Rec. No. 56], After considering the recent Third Circuit decision, relevant case law, the statutory construction of the IDEA, and the IDEA'S goals, the Court concluded EPISD's counterclaim was a compulsory counterclaim, which sought affirmative relief and was subject to the applicable ninety-day limitations period.

3. On November 14, 2008, Ruben A. filed "Plaintiff's Motion to Strike" [Rec. No. 45], requesting the Court to strike EPISD's November 3, 2008, Response to his Motion for Attorney's Fees because the Response exceeds the ten-page limit prescribed in the Western District of Texas's Local Court Rules ("Local Rules"). On November 25, 2008, EPISD filed "El Paso Independent School District's Response in Opposition to Plaintiff's Motion to Strike" [Rec. No. 47], contending its Response is not subject to the ten-page response limit of the Local Rules. The Magistrate Judge denied Ruben A.'s November 14, 2008, motion in a September 15, 2009, Order [Rec. No. 58].

the relief Ruben A. requested, led to additional litigation, which was detrimental to R.A.'s education and ultimately afforded Ruben A. less relief than he requested. Furthermore, EPISD contends Ruben A. cannot be considered a prevailing party simply because the SEHO provided for additional relief, which fell outside of what Ruben A. requested. Likewise, EPISD argues Ruben A. is not a prevailing party simply because he secured a judgment bearing judicial imprimatur. EPISD asserts the time expended by Berry did not foster the purposes of the IDEA.

EPISD again challenges the SEHO's and Court's subject matter jurisdiction. EPISD also contends Ruben A. and Berry protracted the administrative due process proceeding in order to obtain attorney's fees. EPISD argues Ruben A. refused to meaningfully engage in discussions about the administrative due process complaint, and he and Berry failed to explain their refusal to settle.

EPISD asserts Ruben A. is not entitled to attorney's fees under the IDEA because he rejected without justification EPISD's settlement offers, which were more favorable then the relief he obtained. EPISD argues Ruben A.'s desire to obtain a judicially enforceable order is not a sufficient reason to proceed with the due process hearing after he received EPISD's settlement offers. It contends its settlement offers were enforceable under the IDEA without the need for a consent decree or judicial order because the IDEA contemplates such agreements.

Finally, EPISD objects to Ruben A.'s request for attorney's fees on the basis of the lodestar factors. It argues Ruben A. has not established the hours were reasonably expended, nor has he demonstrated he succeeded in light of the settlement offers he rejected. EPISD also contends the Court should consider any offer of settlement in order to measure the success Ruben A. obtained. EPISD asserts Ruben A. has offered no explanation for why his decision to litigate the matter can be deemed a "success" when EPISD completed the evaluation he requested in his administrative due process complaint before the due process hearing and R.A. did not receive any compensatory services from the SEHO, which EPISD had not already offered. EPISD contends this "lack of success" compels denial of his $50,601.00 fee request.

On November 14, 2008, Ruben A. responded to EPISD's October 28, 2008, Motion to Strike in "Plaintiff's Response to Defendant's Motion to Strike or Alternatively Motion to Stay Attorney Fees" [Rec. No. 46], pointing out the Magistrate Judge's September 17, 2008, Report and Recommendation concluded Ruben A. was a prevailing party, which the Court adopted on October 8, 2008, and therefore, his Motion for Attorney's Fees is ripe.

### D. Report and Recommendation of the Magistrate Judge

The Magistrate Judge recommended to the Court to award Ruben A. his attorney's fees in full and to deny EPISD's Motion to Strike. The Magistrate Judge determined a final judgment was not a condition precedent to an award of attorney's fees because Ruben A.'s Complaint sought attorney's fees pursuant to the IDEA.

The Magistrate Judge found Ruben A. was a prevailing party because he secured a judgment bearing judicial imprimatur, which found EPISD failed to properly and adequately evaluate R.A. and ordered EPISD to have a speech therapist evaluate R.A.; to present the results of the evaluation to the ARD Committee to assist in the development of R.A.'s Individualized Education Program ("IEP"); and to convene an ARD Committee meeting to develop an

IEP to address R.A.'s current needs and disabilities. The Magistrate Judge determined this relief materially changed the legal relationship between the parties and fostered the IDEA'S goals of providing R.A. a FAPE.

The Magistrate Judge concluded Ruben A. prevailed on the evaluation issue, achieving some benefit for requesting a due process hearing, at the administrative level. The Magistrate Judge explained that the fact that Ruben A. never requested speech evaluation was without significance because EPISD recommended the evaluation after performing the required evaluation, which Ruben A. had initially requested in his administrative due process complaint. The Magistrate Judge aptly pointed out the requested relief could not have been obtained at any time because EPISD had previously failed to provide the relief, prompting the initiation of the administrative due process proceedings in the first place. With respect to the federal litigation, the Magistrate Judge explained Ruben A. prevailed on significant issues, achieving some benefit from filing suit in federal court.

The Magistrate Judge declined to address the issue of subject matter jurisdiction again because the issue was previously addressed by it and the Court. The Magistrate Judge rejected EPISD's contention that the proceedings were protracted because Ruben A. did not accept EPISD's offer for relief. The Magistrate Judge determined Ruben A. did not unreasonably prolong litigation over the issue of attorney's fees because Ruben A. sought both a consent order for his requested relief and attorney's fees. The Magistrate Judge concluded Ruben A. preferred to obtain an order finding EPISD had deprived R.A. of a FAPE over an agreement that would have dismissed his claims with prejudice. The Magistrate Judge explained EPISD's offer of $750.00 in attorney's fees was sub-

stantially less than what Ruben A. had already incurred up to the point in the administrative due process proceedings when EPISD made the offer. The Magistrate Judge concluded it was not unreasonable for Ruben A. to reject EPISD's settlement offers.

The Magistrate Judge determined Ruben A. was justified in rejecting EPISD's settlement offers because the parties could not agree on the terms of an agreement. The Magistrate Judge explained Ruben A. received a judicial decree, which awarded him relief, whereas EPISD had refused to sign any agreement with him unless he dismissed his administrative due process complaint with prejudice.

The Magistrate Judge determined the lodestar calculations Ruben A. submitted for his attorney's fees for the administrative due process proceedings and the federal litigation were appropriate. The Magistrate Judge found EPISD's objections to the hours Berry expended on the case or to Ruben A.'s level of success were meritless because Ruben A. sought a consent order, to which EPISD refused to agree, and EPISD's proposed settlement offers only included attorney's fees, if they included any, of $750.00. The Magistrate Judge pointed out EPISD conducted R.A.'s evaluation after Ruben A. filed the administrative due process complaint and prior to the due process hearing, revealing the need for the speech evaluation. The Magistrate Judge concluded the relief the SEHO ordered—that EPISD evaluate R.A., provide the results of such evaluation to the ARD Committee, and ensure the ARD Committee developed an IEP for R.A.—was sufficiently successful, such that awarding attorney's fees would not be unreasonable.

On September 21, 2009, EPISD timely filed its Objections to the Magistrate Judge's Report and Recommendation. EPISD objects to the Report and Recom-

mendation in its entirety for essentially the same reasons urged in its Response. EPISD asserts the Magistrate Judge erred in concluding Ruben A. is a prevailing party because the relief Ruben A. obtained did not alter the legal relationship of EPISD and Ruben A., nor did the relief foster the purposes of the IDEA. EPISD contends Ruben A. made no showing an attorney's fee award would promote the purposes of the IDEA. EPISD argues a judgment bearing judicial imprimatur does not confer prevailing party status on Ruben A. Again, EPISD contests subject matter jurisdiction.

EPISD asserts the Magistrate Judge failed to cut off Ruben A.'s request for attorney's fees after EPISD submitted written settlement offers to Ruben A. because he was not justified in rejecting the settlement offers on the basis of an insufficient amount of attorney's fees offered to him. EPISD points out the IDEA prohibits an award of attorney's fees if a written settlement offer is rejected and the parent obtains no more relief than what is offered. EPISD contends Ruben A.'s right to fees was cut off after he failed to accept its settlement offer and received no more relief than what was offered. EPISD contends its written settlement agreement would have been enforceable under Texas state law.

EPISD contends the Magistrate Judge erred by failing to reduce Ruben A.'s award of attorney's fees because he protracted the resolution of this controversy. EPISD argues the Magistrate Judge erred in awarding Ruben A. any of the requested attorney's fees because Ruben A. did not ask for attorney's fees in his administrative due process complaint, which is meant to give notice to a school district of claims and requested relief.

EPISD asserts the Magistrate Judge failed to properly consider the lodestar factors. EPISD contends the amount of time Berry expended was more than what was necessary to obtain the requested relief, which EPISD purportedly offered early on at the administrative level. EPISD argues the lodestar figure should be adjusted because Ruben A. was not successful in light of the relief EPISD offered him. EPISD contends the Magistrate Judge failed to take into account the fact that EPISD completed the requested evaluations without the consent of Ruben A. prior to the due process hearing, and therefore the Magistrate Judge erroneously applied the catalyst theory. EPISD contends that to award attorney's fees based upon relief EPISD recommended and Ruben A. did not request would unfairly penalize EPISD. EPISD argues even if this fact was appropriately considered in an attorney's fees inquiry, such relief is no more than *de minimis* and merits a reduction in fees.

## II.  *APPLICABLE LAW*

### A.  De Novo *Review*

▮ EPISD timely filed its Objections to the Report and Recommendation, and therefore, EPISD is entitled to a *de novo* determination of those portions of the report to which it objects.[4] The Court may accept, reject, or modify the report, in whole or in part.[5] EPISD's objections must specifically identify the findings or

---

4.  28 U.S.C. § 636(b)(1)(B) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made"); Fed.R.Civ.P. 72(b) ("The district judge to whom the case is assigned shall make a *de novo* determination upon the

record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.").

5.  28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b).

recommendations EPISD wants the Court to consider.[6] The Court will not consider frivolous, conclusive, or general objections.[7] EPISD cannot raise a factual objection merely by re-urging legal argument.[8] Furthermore, "a party who objects to the [M]agistrate [J]udge's report waives legal arguments not made in the first instance before the Magistrate Judge."[9] The Court may adopt the Magistrate Judge's Report and Recommendation after the non-moving party objects.[10]

### B. Attorney's Fees Available Pursuant to the IDEA

Section 1415 provides:

(3) Jurisdiction of district courts; attorneys' fees

(A) In general

The district courts of the United States shall have jurisdiction of actions brought under this section without regard to the amount in controversy.

(B) Award of attorneys' fees

(i) In general

In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs—

(I) to a *prevailing party* who is the parent of a child with a disability.[11]

The House Committee Report on this provision states "this section permits the award of attorneys' fees and lists the considerations for reducing attorney's fees."[12] Any attorney's fees awarded "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished."[13] The Court may not award fees, however,

for services performed subsequent to the time of a written offer of settlement to a parent if—

(I) the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins;

(II) the offer is not accepted within 10 days; and

(III) the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.[14]

The legislative history of the IDEA makes clear the provision of attor-

---

**6.** 28 U.S.C. § 636(b)(1)(C) ("Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of the court."); Fed.R.Civ.P. 72(b) ("[A] Party may serve and file specific, written objections to the proposed findings and recommendations."). The Western District's Local Civil Rules require that the "written objections ... specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." LCVR–4(b) at App. C ("Assignment of Duties to United States Magistrate Judges").

**7.** *Battle v. U.S. Parole Comm'n,* 834 F.2d 419, 421 (5th Cir.1987).

**8.** *See Smith v. Collins,* 964 F.2d 483, 485 (5th Cir.1992).

**9.** *See Freeman v. County of Bexar,* 142 F.3d 848, 851 (5th Cir.1998) (citations omitted); *see also Requena–Rodriguez v. Pasquarell,* 190 F.3d 299, 307 n. 27 (5th Cir.1999).

**10.** *See Habets v. Waste Mgmt., Inc.,* 363 F.3d 378, 381–82 (5th Cir.2004).

**11.** 20 U.S.C. § 1415(i)(3)(A)-(B)(i)(I) (emphasis added).

**12.** H.R. Rep. No. 105–95, at 123.

**13.** 20 U.S.C. § 1415(i)(3)(C).

**14.** *Id.* § 1415(i)(3)(D).

ney's fees should be based upon the method described by the Supreme Court in *Hensley v. Eckerhart*,[15] a federal civil rights decision.[16] The Fifth Circuit has acknowledged *Hensley's* " 'typical' definition of 'prevailing party' for attorneys' fees purposes is a party who 'succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.' "[17] In an IDEA case, however, the Fifth Circuit more specifically defines a prevailing party as one "that attains a remedy that both (1) alters the legal relationship between the school district and the handicapped child and (2) fosters the purposes of the IDEA."[18] "If the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit,' the plaintiff has crossed the threshold to a fee award of some kind."[19] According to the Supreme Court,

> [t]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute. Where such a change has occurred, the degree of the plaintiff's overall success goes to the

reasonableness of the award under *Hensley*, not to the availability of a fee award *vel non*.[20]

"A plaintiff may be considered a prevailing party even though the relief ultimately obtained is not identical to the relief demanded in the complaint, provided the relief obtained is of the same general type."[21]

When a prevailing party seeks attorney's fees pursuant to the IDEA, he may do so for both the administrative due process proceedings and the federal litigation.[22] If a party qualifies as a "prevailing party" pursuant to the IDEA, the Fifth Circuit explained a court can calculate reasonable attorney's fees by (1) "calculat[ing] a 'lodestar' fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers"[23]; and (2) "consider[ing] whether the lodestar figure should be adjusted."[24] For any adjustments, the Fifth Circuit directs a court to consider the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*,[25] including

> (1) the time and labor required for the litigation;

15. 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

16. *See Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 208 (5th Cir.1998) (citing H.R.Rep. No. 105–95, at 105–06) ("[T]he Committee believes the amount of any award of attorneys' fees to a prevailing party under part B shall be determined in accordance with the law established by the Supreme Court in [*Hensley*] and its progeny.").

17. *Id.* at 209 (citation omitted).

18. *Id.* (citation omitted) (notation omitted).

19. *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989) (citation omitted) (alteration in original).

20. *Id.* at 792–93, 109 S.Ct. 1486.

21. *G.M. v. New Britain Bd. of Educ.*, 173 F.3d 77, 81 (2d Cir.1999) (citation omitted) (internal quotation marks omitted).

22. *See, e.g., Williamson County Bd. of Educ. v. C.K.*, 2009 WL 2066251 (M.D.Tenn. Jul. 9, 2009) (calculating reasonable attorney's fees for both administrative due process proceedings and federal litigation pursuant to IDEA); *Brandon E. v. Dep't of Educ.*, 2008 WL 4602533 (D.Hawai'i Oct. 16, 2008) (not reported) (same).

23. *Jason D.W.*, 158 F.3d at 208 (citation omitted)

24. *Id.* at 209.

25. 488 F.2d 714 (5th Cir.1974).

(2) the novelty and difficulty of the questions presented;

(3) the skill required to perform the legal services properly;

(4) the preclusion of other employment by the attorney due to acceptance of the case;

(5) the customary fee;

(6) whether the fee is fixed or contingent;

(7) time limitations imposed by the client or the circumstances;

(8) the amount involved and the result obtained;

(9) the experience, reputation, and ability of the attorneys;

(10) the "undesirability" of the case;

(11) the nature and length of the professional relationship with the client; and

(12) awards in similar cases.[26]

According to the Fifth Circuit, "[m]any of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted."[27] These factors do not merit equal weight, however, and " 'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.' "[28] "This factor is particularly crucial when . . . a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims."[29]

## III.  DISCUSSION

Both the Magistrate Judge and the Court have concluded at various points in this litigation that there is a live controversy before the Court. Ruben A.'s Motion for Attorney's Fees is appropriate at this point. No final judgment is necessary for the Court to make a determination as to what award is reasonable, and hence, the Court will deny EPISD's Motion to Strike.[30] Because the Court has subject matter jurisdiction and it may adjudicate Ruben A.'s Motion for Attorney's Fees, the Court concludes it will adopt the Magistrate Judge's Report and Recommendation, as modified herein, and overrule all of EPISD's objections.

### A.  Ruben A. Is a Prevailing Party

■ The Magistrate Judge correctly concluded Ruben A. is a prevailing party. Ruben A. secured a judgment, in which the SEHO as a matter of law found that EPISD denied R.A. a FAPE and awarded Ruben A. relief. That EPISD was found by the SEHO to have violated provisions of the IDEA and was ordered to remedy those violations clearly alters the legal relationship between EPISD and R.A.[31] Furthermore, the relief Ruben A. obtained from the SEHO fosters the purposes of the IDEA.[32]

When Congress passed the IDEA, it determined "[i]mproving educational results for children with disabilities is an essential element of our national policy of ensuring equality of opportunity, full participation, independent living, and economic self-sufficiency for individuals with disabilities."[33] Congress found children with disabilities were not receiving "appropriate educational services."[34] Congress ex-

---

26.  *Jason D.W.*, 158 F.3d at 209 (citation omitted).

27.  *Id.* (citations omitted).

28.  *Id.* (citations omitted).

29.  *Id.* (citation omitted).

30.  *See C.K.*, 2009 WL 2066251, at *6.

31.  *See Jason D.W.*, 158 F.3d at 209.

32.  *See id.*

33.  20 U.S.C. § 1400(c)(1).

34.  *Id.* § 1400(c)(2)(A).

plained "undiagnosed disabilities prevented the children from having a successful educational experience."[35] Congress passed the IDEA, for among other reasons, "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living" and "to ensure that the rights of children with disabilities and parents of such children are protected."[36]

In obtaining the relief the SEHO ordered, including having R.A. evaluated, having the evaluation submitted to the ARD Committee for review, and developing an IEP to meet R.A.'s educational needs, Ruben A. clearly secured a remedy, which fosters the purposes of the IDEA. R.A.'s evaluation will result in an IEP "designed to meet [his] unique needs." That the SEHO found EPISD violated the IDEA "ensure[s] that the rights of [R.A.] and [Ruben A.] are protected" by holding EPISD accountable for its shortcomings in R.A's case in the past and prospectively. The Magistrate Judge did not err in concluding Ruben A. is a prevailing party pursuant to the IDEA. Accordingly, EPISD's objections on this point are overruled.

### B. Protraction of Litigation, Expenditure of Time, and Degree of Success

The IDEA puts in place a number of procedures, including:

(5) An opportunity for mediation, in accordance with subsection (e) of this section.

(6) An opportunity for any party to present a complaint—

(A) with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child; and

(B) which sets forth an alleged violation that occurred not more than 2 years before the date the parent or public agency knew or should have known about the alleged action that forms the basis of the complaint, or, if the State has an explicit time limitation for presenting such a complaint under this subchapter, in such time as the State law allows, except that the exceptions to the timeline described in subsection (f)(3)(D) of this section shall apply to the timeline described in this subparagraph.

(7)(A) Procedures that require either party, or the attorney representing a party, to provide due process complaint notice in accordance with subsection (c)(2) of this section. . . . [37]

Under the IDEA, notice is sufficient "unless the party receiving the notice notifies the *hearing officer* and the other party in writing that the receiving party believes the notice has not met the requirements of subsection (b)(7)(A) of this section."[38]

With respect to mediation, the IDEA provides that procedures

(A) . . . shall ensure that the mediation process—

(i) is voluntary on the part of the parties;

(ii) is not used to deny or delay a parent's right to a due process hearing under subsection (f) of this section, or to deny any other rights afforded under this subchapter; and

---

35. *Id.* § 1400(c)(2)(C).

36. *Id.* § 1400(d)(1)(A)-(B).

37. *Id.* § 1415(b)(5)-(6).

38. *Id.* § 1415(c)(2)(A) (emphasis added).

(iii) is conducted by a qualified and impartial mediator who is trained in effective mediation techniques.[39]

If the parties can resolve the issues raised in the administrative due process complaint through mediation,

the parties shall execute a legally binding agreement that sets forth such resolution and that—

(i) states that all discussions that occurred during the mediation process shall be confidential and may not be used as evidence in any subsequent due process hearing or civil proceeding;

(ii) is signed by both the parent and a representative of the agency who has the authority to bind such agency; and

(iii) is enforceable in any State court of competent jurisdiction or in a district court of the United States.[40]

The House Committee Report on section 1415 states "a State's mediation system may not be used to delay or deny a parents right to due process."[41] The House Committee Report explains there is a

strong preference that mediation become the norm for resolving disputes under IDEA. The Committee believes that the availability of mediation will ensure that far fewer conflicts will proceed to the next procedural steps, formal due process and litigation, outcomes that the Committee believes should be avoided when possible.[42]

The Committee further explains:

The legislation requires that agreements reached in mediation shall be put in writing. Furthermore, the amendments require that discussions held in mediation would be confidential and could not be used as evidence in any subsequent due process hearing or civil action.[43]

With respect to a due process hearing, the IDEA makes clear that a parent has a right to an impartial due process hearing:

Whenever a complaint has been received under subsection (b)(6) or (k) of this section, the parents or the local educational agency involved in such complaint *shall* have an opportunity for an impartial due process hearing, which shall be conducted by the State educational agency or by the local educational agency, as determined by State law or by the State educational agency.[44]

Prior to the due process hearing, the IDEA calls for a resolution session to discuss the facts forming the basis of the administrative due process complaint.[45] If the parties cannot resolve the complaint to the satisfaction of the parents within thirty days of its filing, the due process hearing may proceed.[46] If the parties can resolve the complaint, they must execute a legally binding agreement.[47]

As a preliminary matter, the Administrative Record does not indicate EPISD ever informed the SEHO it believed Ruben A.'s notice was insufficient. Accordingly, Ruben A.'s notice is deemed sufficient for purposes of complying with the IDEA.[48]

More importantly, because the IDEA does not require Ruben A. to enter a settlement agreement with EPISD if the

---

39.  *Id.* § 1415(e)(2)

40.  *Id.* § 1415(e)(2)(F).

41.  H.R. REP. NO. 105–95, at 106.

42.  *Id.*

43.  *Id.* at 107.

44.  20 U.S.C. § 1415(f)(1)(A) (emphasis added).

45.  *Id.* § 1415(f)(1)(B)(i).

46.  *Id.* § 1415(f)(1)(B)(ii).

47.  *Id.* § 14.1–5(f)(1)(B)(iii).

48.  *See id.* § 1415(c)(2)(A).

agreement is not to his satisfaction, Ruben A. did not protract litigation by choosing not to enter an agreement with which he was dissatisfied.

Ruben A.'s purpose in filing his administrative due process complaint was to compel EPISD to undertake actions it was already legally bound to take. EPISD had failed to evaluate R.A. more than ten months after it was informed such evaluations were necessary. Only Ruben A.'s administrative action compelled the evaluations. By failing to properly evaluate R.A., R.A.'s IEP was based on inadequate information, which meant he was not receiving a FAPE. EPISD's settlement offers never acknowledge its failure to evaluate R.A. The numerous proposed settlement agreements variously required Ruben A. to waive his right to a due process hearing; to "acquit" EPISD of any claims; to dismiss his due process complaint with prejudice; to release EPISD from paying any of Ruben A.'s attorney's fees; or to accept only $750.00 in attorney's fees.

In light of EPISD's failures, Ruben A. was justified in rejecting EPISD's efforts to deny liability or to make Ruben A. waive any right to attorney's fees under the IDEA. He was entitled to proceed to an impartial due process hearing. Furthermore, the Administrative Record reveals EPISD rejected Ruben A.'s proposed consent order, which could have otherwise ended this matter earlier, prior to the due process hearing. Likewise, EPISD rebuffed Ruben A.'s efforts to enter into mediation. When viewing these facts in isolation, just as EPISD asks the Court to view Ruben A.'s rejections of EPISD's proposed settlement offers, EPISD appears to be the one protracting this litigation. In fact, one could reasonably conclude it was only EPISD's refusal to enter into Ruben A.'s proposed consent order or

into mediation, which led to the due process hearing and the instant litigation. Similarly, had EPISD refrained from filing an untimely counterclaim; asserting issues, which the Court had already decided, such as subject matter jurisdiction; filing frivolous motions, such as its motion to strike Ruben A.'s Motion for Attorney's Fees, this litigation may have ended much sooner.

A parent, whose child has suffered as a result of a school district's failings, should not be strong-armed into compromising a valid claim, for which the parent has had to seek legal counsel, because a school district purports to offer all the proposed relief listed in the administrative due process complaint. Not only does the IDEA provision setting forth the procedure for filing a due process complaint envision that there can be relief or remedies available that are not alleged in a due process complaint, courts have recognized this to be the case.[49] Ruben A. did not protract this litigation and he was justified in rejecting a settlement offer, for which the parties could not reach an agreement. Accordingly, EPISD's objections on these points are overruled.

In rejecting EPISD's proposed settlement offers and pursuing his administrative due process claim to its procedural end, Ruben A. secured a judgment, which bears judicial imprimatur. It holds EPISD accountable for its statutory violations, including finding EPISD failed to properly and adequately evaluate R.A. and EPISD denied R.A. a FAPE; orders EPISD to properly evaluate R.A.; requires EPISD to conduct an additional evaluation, which only became apparent after Ruben A. filed his administrative due process complaint, which compelled EPISD to undertake the overdue evaluation; and forces EPISD to convene an ARD Com-

---

49. *See G.M.,* 173 F.3d at 81.

mittee to consider the new evaluations and develop a new IEP for R.A. Likewise, Ruben A. did not have to waive his statutory right to attorney's fees in obtaining the warranted relief. Hence, Ruben A. received more relief than what was offered to him in EPISD's proposed settlement agreements, and therefore, IDEA'S bar for attorney's fees does not apply to him. Therefore, EPISD's objections on this point are overruled.

Furthermore, Ruben A. succeeded on issues he raised in his administrative due process complaint and also received additional relief. Simply because Ruben A. did not request the speech evaluation in his administrative due process complaint does not mean it does not contribute to a determination of the degree of success he obtained.[50] Because he succeeded in obtaining some requested relief, as well as additional relief, the Court concludes the lodestar fee does not need to be adjusted based upon his degree of success.

### C. The Remaining Lodestar Factors

Ruben A.'s request for $235.00 per hour for work performed for the administrative due process proceedings and his request for $260.00 per hour for work performed in the federal litigation are supported by the declarations of two El Paso attorneys. The Court concludes these rates are reasonable. Berry's invoices indicate he spent a total of 93.4 hours working on the administrative due process proceedings, while he spent a total of 110.2 hours working on the federal litigation, resulting in amounts of $21,949.00 and $28,652.00, respectively, for a grand total of $50,601.00. However, after calculating the hours Berry spent working on the federal litigation, the Court concludes he only worked a total of 86.8 hours, for a total of $22,568.00 for the federal litigation.

Having considered EPISD's objections to the Magistrate Judge's Report and Recommendation, the Court concludes none of the other lodestar factors favor any adjustment of the proposed grand total, other than the miscalculation of hours spent working on the federal litigation. The Court concludes, therefore, that an award of $21,949.00 for the work performed on the administrative due process proceedings, and an award of $22,568.00 for the work performed on the federal litigation is appropriate, given Berry's experience, the complexity of the case, the time Berry spent on the case, and Ruben A.'s degree of success, for a grand total of $44,517.00. Accordingly, the Court will adopt, as modified herein, the Magistrate Judge's finding that the requested fee is appropriate.

### IV. CONCLUSION AND ORDERS

Based upon the foregoing discussion, the Court concludes the Magistrate Judge's findings are correct, with the exception of the amount of time Berry expended on the federal litigation. Ruben A.'s Motion for Attorney's Fees is ripe for decision. The Court concludes the requested amount, as reduced herein, is reasonable under the IDEA. Accordingly, the Court enters the following orders:

1. The Magistrate Judge's "Report and Recommendation of the Magistrate Judge" [Rec. No.57], as incorporated herein, should be and hereby is, **APPROVED** and **ADOPTED**, as modified herein.

2. "Plaintiff's Motion for Attorney Fees and Memorandum of Law" [Rec. No. 42] should be, and hereby is, **GRANTED** in part and **DENIED** in part. Ruben A. is awarded attorney's fees in the amount of *$44,517.00,* as calculated herein.

---

**50.** *See id.*

3. "El Paso Independent School District's Motion to Strike or Alternatively Motion to Stay Plaintiffs Motion for Attorneys' Fees" [Rec. No. 43] should be, and hereby is, **DENIED.**

**SO ORDERED.**