# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 11, 2022

Lyle W. Cayce
Clerk

No. 21-40360
Summary Calendar

Gonzalo L. Villasana, Sr.,

*Plaintiff—Appellant*,

*versus*

Captain Newman; M. Jones, *Sergeant*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
No. 9:17-CV-20

Before Smith, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:*

Gonzalo Villasana, Sr., Texas prisoner #1445544, appeals the dismissal of his 42 U.S.C. § 1983 suit against Captain Mitchell Newman and Sergeant Melenda Jones, alleging that they conspired to file and issued disciplinary charges against Villasana for possession of contraband as retaliation for

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

his filing an administrative grievance with the prison warden.

First, Villasana maintains that the district court erred when it issued its judgment before receiving and considering his objections to the magistrate judge's report and recommendation.  The district court, however, considered those objections when addressing Villasana's Federal Rule of Civil Procedure 59(e) motion, and any error related to its consideration of Villasana's objections was harmless because they were without merit.  *See* 28 U.S.C. § 636(b)(1); *Smith v. Collins*, 964 F.2d 483, 485 (5th Cir. 1992).

Second, Villasana avers that the district court erred in granting the defendants' Federal Rule of Civil Procedure 56 motion for summary judgment and determining that the defendants were entitled to qualified immunity on his retaliation claims.  Specifically, Villasana asserts that there is a genuine factual dispute regarding his retaliation claims based on his and his cellmate's affidavits.

In general, summary judgment is appropriate if the record discloses "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A factual issue is "material" if its resolution would affect the outcome of the suit under the applicable law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*

Villasana has not demonstrated a genuine material factual dispute regarding his retaliation claims against Newman and Jones.  *See Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012); *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998).  Villasana claimed that Newman charged him with possession of contraband in retaliation for filing an administrative grievance against him with the warden, but, in his affidavit, Newman dis-

avowed any knowledge of that grievance and explained why, based on prison policy, he would not have been aware of any such filing. Similarly, in her affidavit, Jones stated that she did not know of any grievance filed by Villasana against the warden and also denied receiving any order from Newman to file charges against Villasana in retaliation for exercising his constitutional right to seek administrative redress. Jones also explained in her affidavit that she filed charges against Villasana and his cellmate in regard to the contraband. Finally, Villasana's cellmate stated in his affidavit that every inmate was moved off the unit on the day of the contraband seizure.

Therefore, the record evidence, when construed in Villasana's favor, supports the district court's finding that there was no retaliatory intent for the contraband charge. *See Poole*, 691 F.3d at 627; *McDonald*, 132 F.3d at 231. Because there was no factual dispute regarding a constitutional violation, the court did not err in its conclusion that the defendants were entitled to qualified immunity. *See Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019).

Finally, Villasana does not address the district court's reasons for concluding that the defendants were entitled to summary judgment on his conspiracy claim. He therefore has abandoned that claim. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

The judgment is AFFIRMED.