**MODIFY, REFORM, and AFFIRM; and Opinion Filed July 29, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00353-CR**

**WILLIE CHARLES WALKER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F11-55349-H**

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice O'Neill

Appellant Willie Charles Walker appeals his conviction for possession of cocaine, four grams or more but less than 200 grams. After appellant entered an open guilty plea, the trial court assessed punishment at fifteen years' confinement. In four issues, appellant contends his plea was involuntary, the trial court's misunderstanding of the range of punishment entitles him to a new punishment hearing, he received ineffective assistance of counsel, and the judgment should be reformed. For the following reasons, we reform the trial court's judgment and affirm appellant's conviction, as reformed. However, we reverse the trial court's judgment as to punishment and remand for a new punishment hearing.

Appellant was indicted for possession of cocaine, four grams or more, but less than 200 grams. The indictment initially included a paragraph alleging the offense occurred in a drug-free

zone. The indictment also contained one enhancement paragraph alleging a prior felony conviction. The State subsequently dropped the drug-free zone allegation.

Appellant entered an open plea of guilty to the offense. The range of punishment for the offense was five years to ninety-nine years or life. TEX. PENAL CODE ANN. § 481.115(d) (West 2010) (possession of four grams or more, but less than 200 grams of cocaine is a second degree felony); TEX. PENAL CODE ANN. § 12.42(b) (West 2011) (defendant convicted of second degree felony, enhanced by one prior felony conviction, shall be punished for a first degree felony); TEX. PENAL CODE ANN. § 12.32(a) (West 2011) (punishment range for first degree felony is five years to ninety-nine years or life). The trial court's written plea admonishments, however, incorrectly stated the range of punishment for the offense was fifteen years' to ninety-nine years or life. Further, at the plea hearing, the trial court told appellant "[the] State, I understand, as part of the partial plea bargain, at least, is going to drop the drug-free zone. That's still going to leave this being a case where, if you're found guilty and that paragraph is found true, would have a 15 year minimum, up to, including a life or 99 year sentence in prison. . . . That correct?" The State responded, "Yes, sir." The trial court accepted appellant's plea. The trial court then ordered a probation report be prepared and recessed for sentencing.

A different judge presided over the punishment hearing. At that hearing, the judge stated "the range of punishment is 15 to 99 or life and possibility of deferred adjudication." Appellant indicated that was correct. Appellant requested the trial court to consider the "pre-sentence report and the CATS evaluation" and to put him on probation for ten years. The State responded recommending "time in the penitentiary." The trial court declined to grant appellant deferred adjudication probation, found appellant guilty, the enhancement paragraph true, and sentenced him to fifteen years in prison.

In the first issue, appellant contends the trial court's incorrect admonishments rendered his plea involuntary. Appellant's issue seems to conflate two distinct complaints; a statutory complaint under article 26.13(a) of Texas Code of Criminal Procedure, and a due process complaint based on an involuntary plea. *See Davison v. State*, ___ S.W.3d ___, 2013 WL 2212326, *6 (Tex. Crim. App. 2013) ("We have taken care in our case law to differentiate appellate claims based upon a violation of the statutory admonishment requirement of Article 26.13 from appellate claims based upon due process—that a guilty plea was involuntary because inadequately informed.")

Regardless, whether appellant raises a statutory complaint or a due process involuntariness complaint, he has not shown his plea should be set aside. To support his constitutional complaint that his plea was involuntary, appellant relies entirely on the incorrect admonishment. A proper punishment admonishment is not a constitutional prerequisite to a knowing and voluntary plea. *See Davidson,* 2013 WL 2212326 at *5; *Aguirre-Mata v. State*, 125 S.W.3d 473, 475, n. 7 (Tex. Crim. App. 2003). Specifically, a guilty plea may be voluntary and intelligent, even if a defendant is not properly admonished as to the range of punishment. *See Davidson*, 2013 WL 2212326, * 6-8.

Here, appellant was admonished he had a right to a jury trial, he had the right to confront and cross-examine the witnesses against him, and he had the privilege against self-incrimination. Appellant was also properly admonished as to the maximum punishment his plea would subject him. The error was in the admonishment as to the minimum sentence possible. There is nothing in the record that appellant relied upon this error in choosing to enter his guilty plea. Nor is there anything in the record that would suggest appellant would not have pleaded guilty had he been aware of the minimum punishment. Indeed, appellant conceded at oral argument that he would

–3–

have pleaded guilty had he known the actual punishment range. We conclude appellant has failed to establish the merits of his due process claim.

Appellant also complains the trial court erred in improperly admonishing him as to the range of punishment as required by article 26.13 of the code of criminal procedure. Article 26.13 requires a trial court to admonish a defendant as to the range of punishment. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1) (West 2009). A trial court "substantially complies" with article 26.13 when the record shows the sentence given lies within both the actual range of punishment and the misstated range of punishment.[1] *Martinez v. State,* 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). Here, the trial court "substantially complied" with article 26.13 because the fifteen-year sentence assessed was both within the actual range of punishment and the misstated range. Because the trial court substantially complied with article 26.13, appellant must affirmatively show that he was not aware of the consequences of his plea and that he was misled or harmed by the trial court's admonishment. *Id.* As noted above, there is no evidence in the record that appellant relied upon the incorrect admonishment in choosing to enter his guilty plea or that appellant would not have pleaded guilty but for the incorrect admonishment. To the contrary, appellant conceded at oral argument he would have pleaded guilty had he been properly admonished. Therefore, appellant has not shown his plea should be set aside.

Appellant asserts that even if his plea is not invalid, he is entitled to a new hearing on punishment because of the trial court's misunderstanding of the punishment range. We agree. The record here is clear that the trial court was operating under the mistaken belief that the range of punishment was fifteen years to ninety-nine years or life when the actual range was five years to ninety-nine years or life. In *Borrego v. State*, the Court of Criminal Appeals held that where the record shows the trial court was mistaken as to the minimum punishment permitted, and

---

[1] Substantial compliance, being determined by hindsight, would thus seem more akin to a harm analysis.

–4–

assesses the minimum punishment, the defendant is entitled to a new hearing on punishment. *Borrego v. State*, 558 S.W.2d 1, 1-2 (Tex. Crim. App. 1977). In this case, it is clear the trial court sentenced appellant to what it believed was the least amount of jail time that was permitted by law. Therefore, appellant is entitled to a new hearing on punishment. *See id.*

In reaching this conclusion, we note that the State made several statements in its brief to this Court that are inaccurate and/or misleading with respect to the trial court's understanding of the punishment range. In particular, the State asserted (1) there is no evidence in the record that the trial court misunderstood the punishment range, (2) it is obvious . . . the judge did understand the correct sentencing range had the indictment been "correct," and (3) the judge was aware of the "sentence involved." In attempting to defend these statements at oral argument, the State argued the trial court "understood" the punishment range as the offense "should" have been alleged in the indictment. It appears the State believes it should have charged appellant with possession with intent to deliver. However, the State did not charge appellant with that offense, appellant did not plead guilty to that offense, and appellant was not convicted of or sentenced for that offense. Indeed, the trial court's "understanding" of the punishment range for that offense is at best irrelevant and, if anything, suggests the trial court believed it was sentencing appellant for a more serious offense.

Furthermore, despite the simplicity of the issue and the clarity of the record in this regard, the State only conceded the trial court was not aware of the actual range of punishment reluctantly after this Court repeatedly requested the State to support the statements it made in its brief. The Texas Disciplinary Rules of Professional Conduct impose a duty of candor toward the Court. TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.03, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (West 2013) (Tex. State Bar R. art. X, § 9) (A "lawyer shall not knowingly make a false statement of material fact or law to a tribunal."); *In re Lerma*, 144

S.W.3d 21, 27 (Tex. App.—El Paso 2004, no pet.). We caution the State to take greater care in the future.

In the third issue, appellant contends he received ineffective assistance of counsel. Because we have already concluded appellant is entitled to a new punishment hearing, we will address appellant's complaint only to the extent he suggests counsel's ineffectiveness requires his plea be set aside. To prevail on this claim, appellant must show (1) counsel's performance fell below an objective standard of reasonableness, and (2) a reasonable probability exists that, but for trial counsel's errors, the result would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). When a person challenges the validity of a plea entered upon the advice of counsel, to obtain a reversal the defendant must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty to the charged offense and would have insisted on going to trial. *Ex parte Harrington,* 310 S.W.3d 452, 458 (Tex. Crim. App. 2010). An ineffective assistance of counsel claim must be firmly founded in the record. *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). Here, there is nothing in the record to show what advice counsel gave appellant or why appellant pleaded guilty. There is nothing in the record to show appellant pleaded guilty because he misunderstood the range of punishment, or that he would not have pleaded guilty had he understood the correct range of punishment. Indeed, as noted above, appellant acknowledged in oral argument he would have pleaded guilty had he know the proper range of punishment. We resolve the third issue against appellant.

In the fourth issue, appellant contends the trial court's judgment should be reformed to correct several errors. Appellant complains the judgment is incorrect in that it: (1) states the statute under which appellant was convicted was "481.112 Health and Safety Code" when it should state appellant was convicted under "481.115(d) Health and Safety Code," (2) states appellant was convicted of "Possession of Controlled Substance with Intent to Deliver 4G

Cocaine in Drug Free Zone," when it should state he was convicted of "Possession of Cocaine 4G," and (3) does not reflect any enhancement paragraphs when it should show appellant pleaded true to one enhancement paragraph and the trial court found the enhancement paragraph true. The State concedes these errors and additionally contends the judgment should be reformed to correct additional errors. Specifically, the judgment (1) states appellant was convicted of a first degree felony, but should state he was convicted of a second degree felony, (2) states the attorney for the State was "Anagnotis," but should state the attorney for the State was "Andrew Anagnostis." This Court has the power to modify incorrect judgments to make the record speak the truth when we have the necessary information to do so. *See Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd). Because we have sufficient information, we reform the judgment to correct the above errors.

As reformed, we affirm the trial court's judgment of conviction. We reverse the trial court's judgment as to punishment only, and remand to the trial court for a new punishment hearing. TEX. CODE CRIM. PROC. ANN. art. 44.29(b) (West 2006).

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

120353F.U05

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILLIE CHARLES WALKER, Appellant

No. 05-12-00353-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F11-55349-H.
Opinion delivered by Justice O'Neill.
Justices Moseley and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to show:

    (1) The "Attorney for the State" was "Andrew Anagnotis."
    (2) The "Offense for which Defendant Convicted" was "Possession of Cocaine 4G."
    (3) The "Statute for Offense" was "481.115(d) Health and Safety Code."
    (4) The Degree of Offense was "2nd Degree Felony."
    (5) The "Plea to 1st Enhancement Paragraph" was "True."
    (6) The "Finding on 1st Enhancement Paragraph was "True."

As **REFORMED**, the judgment of conviction is **AFFIRMED**. We reverse the trial court's judgment as to punishment only and remand for further proceedings pursuant to Tex. Code Crim. Pro. Ann. Art. 44.29(b).

Judgment entered this 29th day of July, 2013.

/Michael J. O'Neill/
_____
MICHAEL J. O'NEILL
JUSTICE

–8–