**CONCUR; and Opinion Filed September 21, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00412-CV

## IN THE INTEREST C.R., A.R., AND C.R., CHILDREN

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-30093-2016**

# CONCURRING OPINION

Before Justice Lang-Miers, Evans, and Schenck

Concurring Opinion by Justice Schenck

We affirm the judgment below in this case, which permanently terminates appellant's parental rights, without regard to its merits and notwithstanding the heightened due process and due course of law concerns that arise from this fundamental liberty interest. *See, e.g.*, *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *In re A.B.*, 437 S.W. 3d 498, 502 (Tex. 2014). We do so because the brief before us does not address all of the grounds on which the trial court might have rendered judgment. While I join with my colleagues in this result, I write separately to explain my reason for doing so and to highlight the due process and due course of law concerns that animate our decision in this and similar cases involving substantively deficient briefs.

This Court sitting *en banc* recently adopted a construction of the briefing rules, including subsection 38.9(b), as precluding either: (1) a merits ruling despite the deficiency; or (2) some form of notice and opportunity to cure a brief that substantively fails to address at least one ground

on which a trial court might have rendered its judgment,[1] even in those instances where the deficiency[2] is raised only by the court *sua sponte*.[3] *St. John's Missionary Baptist Church v. Flakes*, 547 S.W.3d 311, 316–17 (Tex. App.—Dallas 2018, pet. filed) (en banc). Those same rules apply to all cases—civil or criminal—and regardless of the interests involved—property,[4] liberty, or, for that matter, life.[5] We are therefore constrained in this case and all others involving the assertion of multiple "grounds" below and a less than complete attack on them before us to affirm regardless of the correctness of the trial court's actual or deemed ruling on any of those grounds or the correctness of the attack that is actually asserted before us.

The appellant's parental rights were challenged below under sections 161.002(b)(1) and 161.002(b)(2)(B) of the family code, and we construe (fairly in my view) the trial court as having found both grounds for termination exist. Thus, even if both of the grounds asserted by the State

---

[1] Prior to that decision, panels of this Court were bound by still prior panel decisions to the same effect. *E.g.*, *In re A.H.J.*, No. 05-15-00501-CV, 2015 WL 5866256, at *9 (Tex. App.—Dallas Oct. 8, 2015, pet. denied) (mem. op.).

[2] By "deficiency" I refer to any failure of the briefs to identify or develop legal arguments or to make sufficient citations to the record or authority that would, in the opinion of the court, preclude its ability to render a decision at the time of submission. *See Flakes*, 547 S.W.3d at 321–26 (Schenck, J., dissenting). I continue to adhere to the view, wrongly perhaps, that the perpetuation of those practices is contrary to the text of the briefing rules and controlling precedent and that simply notifying the parties of our conundrum where we say an issue is present, but not briefed, and permitting supplementation is proper. To the extent I am wrong, and the existing rules and authority do not provide the authority to pursue a merits decision in these circumstances, I wonder aloud here whether due process considerations would suggest a revision.

[3] *Pena v. State*, 191 S.W.3d 133, 138 (Tex. Crim. App. 2006) (discussing *inter alia* the need to permit parties to brief issues raised by court *sua sponte*-in that instance, an unassigned error).

[4] While we deal here with a fundamental liberty interest, property rights are, of course, important as well and worthy of protection from potentially erroneous deprivation. *Severance v. Patterson*, 370 S.W.3d 705, 709 (Tex. 2012) (stressing "fundamental" nature of property rights).

[5] The court of criminal appeals exercises exclusive appellate jurisdiction over capital cases involving the death penalty. TEX. CODE CRIM. PROC. ANN. art. 4.04 §2. While its briefing rules incorporate our rule 38, TEX. R. APP. P. 70.3, 71.3, that court recognizes the discretion of a reviewing court to permit development and merits consideration of any error reflected and preserved in the trial court record. *Pfeiffer v. State*, 363 S.W.3d 594, 599 (Tex. Crim. App. 2012); *Pena*, 191 S.W.3d at 138; *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994). To my knowledge, no published opinion of this Court has determined whether our holding in *Flakes* would govern criminal proceedings. Regardless of whether we might treat briefing in criminal cases differently, despite being subject to the same rules we interpreted in *Flakes*, I am at a loss to understand why the appellant in a misdemeanor minor in possession or disorderly conduct appeal might have a merits resolution that would be denied to an appellant suffering under a major civil judgment or a termination of parental rights.

–2–

in support of terminating appellant's parental rights were in fact *invalid* as a basis for termination, and the one ground appellant briefed before us supported relief in the form of restoration of the appellant's parental rights was correct, we would be constrained to avoid reaching either ground on the merits and could not allow supplementation of the briefs to address the missing grounds despite the elevated due process (liberty) interest at stake here.

Where we identify a party's failure to raise an issue necessary to support a challenge to the judgment on appeal, that observation implies, by necessity, that there are multiple possible grounds of error—and, hence, erroneous deprivation. Whether that potential deprivation in the trial court is of "life, liberty, or property," it carries with it serious due process and due course of law concerns as the case proceeds toward final judgment on appeal.[6] As the very premise of an appellate process presupposes that such deprivations should be avoided, I would read the rules to permit a panel to rule on the merits, if possible, without further briefing and to request supplementation when necessary in order to permit such a disposition. But, even assuming that the language of the rules is not plain or that the holdings in *Fredonia* and *Pfeiffer* are not applicable, we should read the rules, where possible, to avoid constitutional concerns[7] and to promote merits resolution so long as that construction is at least "arguable."[8] As it stands, our decision in *Flakes* forecloses a merits resolution here, and in other cases, and will continue to do so unless and until the Supreme Court clearly and unequivocally directs us to read rule 38.9(b) and related rules to allow otherwise.

---

[6] I accept for present purposes that there is no general, constitutional right to an appeal. *E.g., Eatmon v. State*, 662 S.W.2d 31, 34 (Tex. App.—Houston [1st Dist.] 1983), *aff'd*, 768 S.W.2d 310 (Tex. Crim. App. 1989). *But cf. Honda Motor Co. v. Oberg*, 512 U.S. 415, 420 (1994) (finding due process mandate to some form of review of punitive damage awards). It suffices, instead, to note that when the state does afford such review, the proceedings governing that review must conform to due process standards. *Griffin v. Illinois*, 351 U.S. 12, 18 (1956).

[7] *In re B.L.D.*, 113 S.W.3d 340, 349 (Tex. 2003).

[8] *Ryland Enter. v. Weatherspoon*, 355 S.W.3d 664, 665 (Tex. 2011) (courts should favor any "arguable interpretation" of rules to support merits disposition); *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004) (rules to be read "reasonably, yet liberally so that the right to appeal is not lost").

Consequently, I do not join in the majority's opinion and, instead, respectfully concur in the Court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

180412CF.P05